IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division

| | |
|---|---|
| In re: <br><br> ALLENS, INC., <br><br>                 Debtor. | Chapter 11 <br><br> Case No. 13-73597 |
| In re: <br><br> ALL VEG, LLC, <br><br>                 Debtor. | Chapter 11 <br><br> Case No.  13-73598 |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION
OF THE DEBTORS' CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move the Court (the "**Motion**") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order substantially in the form of the proposed order annexed as <u>Exhibit A</u> (a) authorizing and directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) providing any additional relief required in order to effectuate the foregoing.  In support of this Motion, the Debtors respectfully state as follows:

<u>Status of the Case</u>

1. On the date hereof (the "**Petition Date**"), the Debtors commenced these cases (the "**cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

NY 242940587v8

2. The Debtors have continued in possession of their properties and are operating and managing their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these cases.

### Jurisdiction, Venue, and Statutory Predicates

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory basis for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

### Background

6. Allens, Inc. ("**Allens**"), a wholly owned subsidiary of All Veg, LLC, ("**All Veg**" and together with Allens, the "**Debtors**"), is a leading independent producer of canned vegetables serving the United States retail and foodservice channels. The Debtors are headquartered in Siloam Springs, Arkansas. All Veg is a holding company without employees or assets other than the stock of Allens. A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these cases, is more fully set forth in the *Declaration of Jonathan C. Hickman in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

2

### Relief Requested

7. By this Motion, the Debtors seek entry of an order directing the joint administration of the cases and the consolidation thereof for procedural purposes only.

8. The Debtors also request that the caption of their cases be modified to reflect the joint administration of the cases substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division**

| In re: | Chapter 11 |
|---|---|
| ALLENS, INC. and ALL VEG, LLC,[1] | Case No. 13-73597 and 13-73598 |
| Debtors. | (Joint Administration Requested) Under Case No. 13-73597 |

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: All Veg, LLC (9250) and Allens, Inc. (5020). The Debtors' business address is 305 E. Main Street, Siloam Springs, Arkansas 72761.

9. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors' cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the joint administration of the chapter 11 cases listed below under Case No. 13-73597. The docket in Case No. 13-73597 should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to such Order: Case No. 13-73597; and Case No. 13-73598.

10. Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

## Basis for Relief Requested

11. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. FED. R. BANKR. P. 1015(b). Allens, Inc. is the wholly owned subsidiary of All Veg, LLC, such that the Debtors constitute "affiliates" of one another within the meaning of 11 U.S.C. § 101(2).[1] Accordingly, the Court is authorized to grant the requested relief by virtue of the fact that one Debtor is the wholly owned subsidiary of the other Debtor.

12. The First Day Declaration, filed simultaneously herewith, establishes that joint administration of these cases (a) is warranted because the Debtors' financial affairs are closely related and (b) will avoid an unnecessary administrative burden on the Court and parties-in-interest in these cases. The Debtors anticipate that numerous notices, applications, motions, other documents, pleadings, hearings, and orders filed in the Allens, Inc. chapter 11 case will affect All Veg. The failure to administer these cases jointly would result in numerous duplicative pleadings being filed and served upon parties identified in separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Debtors, the Clerk of the Court (the "**Clerk**"), creditors, and other parties-in-interest in these cases.

13. Joint administration will permit the Clerk to use a single general docket for the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Joint administration also will protect parties-in-interest by ensuring that such

---

[1] Section 101(2) of the Bankruptcy Code defines "affiliate" to include, in relevant part, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. § 101(2).

4

parties-in-interest in each of the Debtors' respective cases will be apprised of the various matters before the Court in each of the cases.

14. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 8 of this Motion. The Debtors submit that use of this simplified caption, without reference to certain of the details specified by section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Such case-specific information is publicly available in the petitions, and the Debtors therefore submit that the policies behind section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party-in-interest will maintain claims or rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the efficiencies and reductions in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these cases by the Office of the United States Trustee also will be simplified.

### Notice

16. As this Motion is seeking "first day" relief, the Debtors are serving copies of the Motion as a "First Day Motion" by email, fax or overnight mail to the "Special Service List" as defined and set forth in the *Motion To Limit Notice, Approve Special Service List And Establish Notice Procedures* and the *Motion For Expedited Hearing On First Day Motions*, each filed on

the Petition Date. The Debtors respectfully submit that because the relief requested in the Motions is necessary to avoid immediate and irreparable harm to the Debtors' estates, cause exists to limit the notice pursuant to 11 U.S.C. § 102(1) and Bankruptcy Rule 2002(a)(2) and that no other or further notice is necessary.

### No Prior Request

17. No prior request for the relief sought in this Motion has been made to this or any other court.

### Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and that it grant the Debtors such other and further relief as is just and proper.

Dated:  October 28, 2013                Respectfully submitted,

                                        MITCHELL, WILLIAMS, SELIG,
                                      GATES & WOODYARD, P.L.L.C.
                                      425 West Capitol Avenue, Suite 1800
                                      Little Rock, Arkansas 72201-3525
                                      Telephone: (501) 688-8800
                                      Facsimile: (501) 688-8807

                                      By:    */s/ Stan D. Smith*
                                               Stan D. Smith (Ark. Bar No. 90117)
                                               Lance R. Miller (Ark. Bar No. 85109)
                                               Chris A. McNulty (Ark. Bar No. 08198)

                                               -and-

                                      GREENBERG TRAURIG, LLP
                                      Nancy A. Mitchell (*pro hac vice pending*)
                                      Maria J. DiConza (*pro hac vice pending*)
                                      Matthew L. Hinker (*pro hac vice pending*)
                                      200 Park Avenue
                                      New York, New York 10166
                                      Telephone:  (212) 801-9200
                                      Facsimile:  (212) 801-6400

*Proposed Counsel for the Debtors
and Debtors in Possession*

7