# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALLENS, INC. | ) | CASE NO. 5:13-73597 |
| | ) | |
| Debtor. | ) | Judge: Ben T. Barry |
| | ) | |

## PACA CLAIMANT'S OBJECTION TO DEBTOR'S USE OF NON-ESTATE PROPERTY AS CASH COLLATERAL

Razorback Farms, Inc. (the APACA Claimant"), a party in interest, hereby objects to the continued use of non-estate property as cash collateral in the possession of Allens, Inc., the debtor and debtor-in-possession (the "Debtor"). In support of this objection, the PACA Claimant states as follows:

1. The PACA claimant holds a claim against the Debtor qualified as a trust claim under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499t, as amended (2011 & Supp. 2013) (the "PACA"). Specifically, the PACA claimant is an unpaid supplier of produce to the Debtor and has preserved its trust rights under the PACA by placing the required trust preservation language on its invoices in accordance with § 499(e) of the PACA. Attached hereto and incorporated herein as Group Exhibit "A" are true and correct copies of the PACA claimant's invoices to the Debtor.

2. The statutory trust provisions found in the PACA imposes several restrictions and limitations on the normal operation of the Bankruptcy Code and its scheme for marshaling a debtor's assets. The presence of PACA claims in this case raises two distinct issues. First, the nature and scope of the PACA trust rights and, second, the effect of this statutory trust on the rights of a trustee or debtor-in-possession to administer the estate's assets.

# I.

## STATUTORY TRUST SCHEME

A.    SCOPE OF THE PACA TRUST

3.    The PACA trust provisions state all fresh or frozen perishable agricultural commodities ("Produce"), as well as "all inventories of food or other products derived from [Produce], <u>and any receivables or proceeds</u> from the sale of such commodities or products, <u>shall be held by [the Produce Debtor] in trust</u> for the benefit of all unpaid suppliers or sellers of such commodities... <u>until full payment</u> of the sums owing in connection with such transactions <u>has been received by such unpaid suppliers</u>, seller, or agents." 7 U.S.C. § 499e(c)(2) (emphasis added).

4.    There is no requirement for PACA trust beneficiaries to trace such trust assets. The House Report which accompanied the legislation stated "[t]he trust impressed by section 5(c)(2) is a nonsegregated "floating trust" made up of all a firm's commodity related liquid assets, under which there may be commingling of trust assets. Under this provision <u>there is no necessity to specifically identify all of the trust assets through each step of the accrual and disposal process</u>." (emphasis added) H.R. Rep. 98-543, at 5, 1984 U.S. Code Cong. & Admin. News 407, 409. "Since commingling is contemplated, all trust assets would be subject to the claims of unpaid suppliers... to the extent of the amount owed to them." <u>In re Atlantic Tropical Market</u>, 118 B.R. 139, 142 (Bankr. S.D. Fla. 1990); <u>In re Richmond Produce</u>, 112 B.R. 364, 368 (N.D. Cal. 1990) ('[t]he unpaid sellers are not required to trace and the trust arises immediately upon delivery.").

5.    The <u>Atlantic Tropical Market</u> court considered this legislative history when it correctly found the only role tracing plays in a PACA situation is where the debtor-purchaser has superior knowledge of the origin of the funds used to acquire each of its assets. <u>Id</u>. Due to it having such superior knowledge, Congress placed <u>on the Produce Debtor</u> the burden to "track the

status of the trust fund and to provide evidence of other origin of purchases of assets." Id. citing, In re Al Nagelberg & Co., 84 B.R. 19 (S.D.N.Y. 1988); In re Fresh Approach, 51 B.R. 412, 422 (Bankr. N.D. Tex. 1985) ("[s]hould a dispute arise, it will be the Debtor's burden to establish which, if any, assets are not subject to the PACA trust."); In re N. Merberg & Sons, 166 B.R. 567, 570 (Bankr. S.D.N.Y. 1994); In re: Milton Poulos, Inc., 94 B.R. 648, 652-53 (Bankr. C.D. Cal. 1988) aff'd 107 B.R. 715 (9th Cir. BAP 1989) ("the debtor or bankruptcy trustee, rather than the trust beneficiary, is responsible for determining which assets, if any, are not subject to the trust."); See Six L's Packing v. West Des Moines State Bank, 967 F.2d 256, 258 (8th Cir. 1992).

6. The court in Sanzone-Palmisano Co. v. Seaman Enterprises, 986 F.2d 1010 (6th Cir. 1993) provides a more detailed discussion on the issue of tracing and the policy reasons for placing the burden on the debtor-purchaser. Id. at 1013. While the Court recognized "that in most cases it will be virtually impossible for a PACA debtor to trace the origin of the disputed assets... [w]e believe that this is the outcome that Congress intended." Id. at 1014 (emphasis added). After finding the supplier had established the validity of its PACA trust interest, the 6th Circuit stated the burden on remand to the district court will be on the debtor to "prove which seized assets were not purchased with funds from the sale of produce. All of the seized assets that cannot be traced [by the debtor] to a non-trust source are part of the trust *res* and are subject to [supplier's] trust claim". Id. at 1014 (emphasis added). See Tony Vitrano Company v. National Produce, 815 F. Supp. 23 (D.D.C. 1993).

7. Accordingly, all of the Debtor's assets are to be considered PACA trust assets unless and until the Debtor can prove such assets were not acquired with the proceeds of the Debtor's transactions in Produce.

B.  PACA TRUST ASSETS ARE NOT PROPERTY OF ESTATE

8. Any PACA trust claim is entitled to a level of priority which takes it outside of the normal marshaling scheme under Title 11 due to the fact the corpus of the PACA trust has been expressly removed from the scope of "property of the estate" under § 541 which the Debtor may use or otherwise administer. Courts having faced similar issues are unanimous in finding the corpus of an express trust created under the provisions of the PACA is not "property of the estate" within the scope of § 541 of the Bankruptcy Code. 11 U.S.C. § 541(d). See In re Super Spud, 77 B.R. 930, 931 (Bankr. M.D. Fla. 1987) citing, In re Fresh Approach, 51 B.R. 412, 419 (Bankr. N.D. Tex. 1985). See also In re Kornblum & Co., Inc., 81 F.3d 280 (2d Cir., Apr 09, 1996) ("in the event of the Produce Debtor's bankruptcy, the Bankruptcy Code excludes the PACA trust assets from the bankruptcy estate") citing United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n.10 (1983) (the Bankruptcy Code "plainly exclude[s from the bankruptcy estate] property of others held by the debtor in trust at the time of the filing of the [bankruptcy] petition") and Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F. Supp. 346, 348 (S.D.N.Y. 1993) (PACA trust assets are not property of the estate).

9. The issue of such assets being beyond the estate's reach for financing any reorganization effort has been resolved in favor the PACA trust beneficiaries **every time** the issue has been considered. In re United Fruit & Vegetable, Inc., 191 B.R. 445 (Bankr. D.Kan. 1996); In re Morabito Bros., Inc., 188 B.R. 114 (Bankr. W.D.N.Y. 1995); In re Chipwich, Inc., 165 B.R. 135 (Bankr. S.D.N.Y. 1994); In re Nix, 1992 WL 119143 (M.D. Ga. 1992); In re United Fruit and Produce Co., Inc., 119 B.R. 10 (Bankr. D.Conn. 1990); In re Oberlies, 94 B.R. 916 (Bankr. E.D.Mich. 1988); In re Milton Poulos, Inc., 94 B.R. 648 (Bankr. C.D.Cal. 1988); In re Asinelli, Inc., 93 B.R. 433 (M.D.N.C. 1988); In re United Fruit & Produce Co., Inc., 86 B.R. 14 (Bankr.

D.Conn. 1988); In re Super Spud, Inc., 77 B.R. 930 (Bankr. M.D.Fla. 1987); In re W.L. Bradley Co., Inc., 75 B.R. 505 (Bankr. E.D.Pa. 1987); In re Monterey House, Inc., 71 B.R. 244 (Bankr. S.D.Tex. 1986); In re Behring Intern., Inc., 61 B.R. 896 (Bankr. N.D.Tex. 1986); In re Fresh Approach, Inc., 51 B.R. 412, 13 (Bankr. N.D.Tex. 1985).

**II.**

**THE DEBTOR CANNOT ADMINISTER OR USE, AS CASH COLLATERAL, ASSETS WHICH ARE NOT PROPERTY OF THE ESTATE UNDER § 541**

A.  CASH COLLATERAL

10. Regardless of which way the Debtor attempts to use the PACA Trust assets as cash collateral, whether in the ordinary course of business under § 363(c)(1) or "other than in the ordinary course" under § 363(b)(1), it can only use assets which constitute "property of the estate". As cited above, PACA trust assets are not property of the estate. See supra && 8-9. Accordingly, the Debtor or any successor in interest is prohibited from using the non-estate PACA trust assets as "cash collateral" any time during its effort to enhance the liquidation value of the estate-owned assets.

11. Under § 363(b)(1), a trustee or DIP "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1) (emphasis added). This language carries through to § 363(c)(1) which states a trustee or DIP "may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1) (emphasis added). Thus, by definition, neither the Debtor, nor any successor in interest, can use or consume, as cash

collateral, any portion of the PACA trust assets because such assets are simply not property of the estate.

B.     OBTAINING CREDIT

12.    The Debtor is similarly prohibited from pledging the PACA trust assets as collateral for any post-petition financing obtained under § 364. While the Debtor may be free to "obtain unsecured credit and incur unsecured debt in the ordinary course of business" under § 364(a), such debt is limited to priority as an administrative expense allowable under § 503(b)(1). See § 364(a). It is axiomatic that any such administrative expense claims may only be paid out of property of the estate. No part of such claims can be satisfied with the property Congress has stated belongs to anyone other than the Debtor, like the beneficiaries of the PACA trust.

13.    In the event the Debtor seeks to incur debt other than in the ordinary course, the provisions of § 364(c) take over. Regardless of what provision of the Code the Court relies upon to permit the Debtor's request here, this Court simply does not have the requisite subject matter jurisdiction to create rights, in favor of a third party, in assets which are not property of the estate. See § 364(c)(1)-(3). See also, § 364(d)(1) (similarly allowing liens only on "property of the estate").

14.    Accordingly, the Debtor cannot use, consume, sell or pledge these PACA trust assets for any reason other than the payment of the unpaid PACA trust beneficiaries such as the PACA Claimant here, unless and until the PACA trust claims and all "sums owing in connection with such transactions", are satisfied in full.

**FOR THESE REASONS,** the PACA Claimant hereby objects to and opposes the Debtor's continued use of PACA trust assets to finance its post-petition operations. Under

existing law, any and all assets held in the Debtor's name, including, but not limited to, all cash, inventory, accounts receivable and the proceeds thereof, are expressly impressed with the statutory PACA trust and must be maintained intact until the PACA Claimant's claims are satisfied in full from the trust *res*. Any contrary action, in the absence of these claims being paid in full will improperly create rights in a third party against assets which are clearly not property of this Debtor's estate.

Dated: October 29, 2013

Respectfully submitted,

RAZORBACK FARMS, INC.

By: /s/ E. Kent Hirsch
      One of Its Attorneys

E. Kent Hirsch, Esq.
HIRSCH LAW FIRM, P.A.
107 W. Emma Ave.
Springdale, Arkansas 72764
Tel:    479/751-0251
Email: kent@hirschlawfirm.com

By: /s/ Scott E. Hillison, Esq.

Michael J. Keaton, Esq.
Scott E. Hillison, Esq.
KEATON LAW FIRM, P.C.
707 Lake Cook Road, Suite 300
Deerfield, Illinois 60015
Tel:    847/934-6500
Email: keaton@pacatrust.com
*Pro Hac Vice Forthcoming*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to:

    Stan Smith, Attorney for the Debtor

and upon such other entities as listed in the CM/ECF system at the time of filing.

                                */s/   E. Kent Hirsch*
                                E. Kent Hirsch