IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division

| | |
|---|---|
| In re:<br><br>ALLENS, INC. and ALL VEG, LLC,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 5:13-bk-73597 (BTB)<br>and 5:13-bk-73598 (BTB)<br><br>Joint Administration<br>Under Case No. 5:13-bk-73597 (BTB) |

**INTERIM ORDER UNDER SECTION 366 OF THE BANKRUPTCY CODE
(A) PROHIBITING UTILITIES FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY
ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING
PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") seeking entry of interim and final orders: (a) prohibiting their Utility Providers from altering, refusing, or discontinuing service; (b) deeming Utility Providers adequately assured of future performance; and (c) establishing procedures for determining adequate assurance of payment; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: All Veg, LLC (9250) and Allens, Inc. (5020).  The Debtors' business address is 305 E. Main Street, Siloam Springs, Arkansas 72761.

[2] Any capitalized term used herein but otherwise not defined shall have the meaning ascribed to it in the Motion.

1

adequate notice of the Motion has been given; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record, the Motion is granted on an interim basis.

2. Until such time that the Final Order is entered by the Court, all Utility Providers are prohibited from discontinuing, altering, or refusing service to the Debtors on account of any unpaid prepetition charges, or discriminating against the Debtors, or requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices other than as set forth in the Motion, provided the Debtors are in compliance with the terms of this Interim Order.

3. The Adequate Assurance Procedures described in the Motion are hereby adopted.

4. The Motion and this Interim Order shall be served, via first-class mail, on each Utility Provider the Debtors believe could be affected by the Motion and all other parties required to receive service under the Order Limiting Notice, Approving Special Service List and Establishing Notice Procedure within three (3) business days of entry of this Interim Order.

5. If a Utility Provider is not satisfied with the assurance of future payment being provided by the Debtors pursuant to the Motion, the Utility Provider must serve a written request upon the Debtors and their counsel setting forth the locations(s) for which Utility Services are provided, the account number(s) for such locations(s), the outstanding balance for each account, a summary of the Debtors' payment history on each account, and an explanation of why the Adequate Assurance Deposit is inadequate assurance of payment ("**Additional Adequate Assurance Request**").

6. The Additional Assurance Request must actually be filed with the Court and received by (i) the Debtors, the Chief Restructuring Officer (Attn: Jonathan Hickman), and (ii)

the Debtors' counsel, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., 425 West Capitol Avenue, Suite 1800, Little Rock, Arkansas 72201-3525 (Attn: Stan D. Smith, Esq. and Christopher A. McNulty, Esq.) and Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166 (Attn: Nancy A. Mitchell, Esq. and Maria J. DiConza, Esq.) (collectively, the "**Notice Parties**").

7. The deadline by which objections to the Motion and the Final Order must be filed is November 12, 2013 ("**Objection Deadline**"). A final hearing, if required, on the Motion will be held on November 14, 2013, at 9:00 a.m. (Prevailing Central Time). If no objections are filed to the Motion by the Objection Deadline, the Court may enter the Final Order without further notice or hearing.

8. To the extent that the Debtors subsequently identify additional providers of Utility Services or determine that an entity was improperly included as a Utility Provider, the Debtors have the authority, in their sole discretion and without further order of Court, to amend the Utility Provider List to add or delete any Utility Provider. If the Debtors add any Utility Providers to the Utility Provider List, the Debtors will serve a copy of the Motion, along with the applicable portion of the amended Utility Provider List and the Order, on such Utility Provider within 5 business days after the Debtors file the amended Utility Provider List (the **"Subsequent Notice"**). Such subsequently added Utility Provider will be subject to the Adequate Assurance Procedures set forth in the Motion. For any entity that is removed from the Utility Provider List, the Debtors shall serve that entity with notice of removal and such entity shall have 5 days from the date of service of such notice to object to that removal.

9. Notwithstanding the relief granted herein any actions taken pursuant thereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the

Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of title 11 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

10. Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors shall fund the Adequate Assurance Deposit into the Adequate Assurance Account within fourteen (14) days of the entry of this Interim Order.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

14. Notwithstanding anything to the contrary contained herein, any payment made, or authorization contained, hereunder shall be subject to the requirements and restrictions imposed on the Debtors under any order authorizing the use of cash collateral or authorizing the Debtors to enter into a debtor-in-possession financing facility and the documents associated with such facility, and shall be subject to all claims, liens, security interests and priorities granted in connection with such facility.

15. The Debtors shall serve a copy of this Order on the Special Service List within three (3) business days of entry. Any objection to entry of the Final Order shall be filed with the Court, and served upon (i) counsel to the Debtors (ii) counsel to the Pre-Petition First Lien Agent, (iii) counsel to the Pre-Petition Second Lien Agent, (v) the Pre-Petition Second Lien Agent, (vi) counsel to the proposed DIP Agent and (vii) counsel to any committee appointed pursuant to section 1102 of the Bankruptcy Code, if any, so as to be actually received on or before the **Objection Deadline**.

Dated: _____

                                                                  Ben Barry
                                                                  United States Bankruptcy Judge

Prepared and submitted by:        Dated: 10/30/2013

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Telephone: (501) 688-8800
Facsimile: (501) 688-8807
Stan D. Smith (Ark. Bar No. 90117)
Lance R. Miller (Ark. Bar No. 85109)
Chris A. McNulty (Ark. Bar No. 08198)

-and-

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Nancy A. Mitchell
Maria J. DiConza
Matthew L. Hinker

*Proposed Counsel for the Debtors
and Debtors in Possession*