IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division

| | |
|---|---|
| In re:<br><br>ALLENS, INC. and ALL VEG, LLC,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 5:13-bk-73597 (BTB)<br>and 5:13-bk-73598 (BTB)<br><br>Joint Administration<br>Under Case No. 5:13-bk-73597 (BTB) |

**INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO PAY AND HONOR ALL:
(I) PREPETITION COMPENSATION AND BENEFITS TO EMPLOYEES,
(II) PREPETITION COMPENSATION AND RELATED FEES ASSOCIATED WITH
TEMPORARY EMPLOYEES, (III) PREPETITION EMPLOYEE BENEFIT
PROGRAMS; AND (IV) WITHHOLDING OBLIGATIONS,
AND (B) AUTHORIZING BANKS TO HONOR RELATED TRANSFERS**

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seeking entry of an order pursuant to sections 105, 363, 503, 507(a)(4), 507(a)(5), and 541, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), (a) authorizing, but not directing, the Debtors to pay and honor (i) prepetition compensation and other amounts owed to the Debtors' current employees up to the relevant statutory cap for each employee, (ii) prepetition compensation and related fees associated with the Debtors' temporary employees, including payments to and through its temporary staffing agencies, (iii) all prepetition employee benefit programs, as described herein, (iv) all prepetition federal, state and other withholding obligations (collectively, the "**Employee Obligations**"); and (b) authorizing all banks to honor the Debtors' prepetition checks or electronic transfers for payment of any of the foregoing; and it appearing

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: All Veg, LLC (9250) and Allens, Inc. (5020). The Debtors' business address is 305 E. Main Street, Siloam Springs, Arkansas 72761.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

*NY 243378077v2*

Entered On Docket: 10/31/2013

that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record, the Motion is GRANTED on an interim basis.

2. The Debtors are authorized, but not required, to honor and pay all prepetition and postpetition Employee Obligations in accordance with the Debtors' stated policies and in the ordinary course of the Debtors' business.

3. The Debtors are authorized, but not required, to honor and pay all pre and post petition amounts owed to the Staffing Agencies related to the Temporary Employees in accordance with the Debtors' agreements with the Staffing Agencies and in the ordinary course of the Debtors' business.

4. All of the Debtors' banks are authorized to receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtors' payroll and general disbursement accounts related to all Employee Obligations authorized by this Order, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and the Banks may rely on the Debtors as to which checks to honor to effect the relief in the Motion.

5. To the extent that any Staffing Agency, employment or related agreements may be deemed executory contracts within the meaning of section 365 of the Bankruptcy Code, the Debtors do not at this time seek authority to assume such contracts, and no relief is granted in respect thereof.

6. Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

7. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

9. Notwithstanding anything to the contrary contained herein, any payment made, or authorization contained, hereunder shall be subject to the requirements and restrictions imposed on the Debtors under any order authorizing the use of cash collateral or authorizing the Debtors to enter into a debtor-in-possession financing facility and the documents associated with such facility, and shall be subject to all claims, liens, security interests and priorities granted in connection with such facility.

10. The Debtors shall serve a copy of this Order on the Special Service List within three (3) business of entry of the order. Any objection to entry of the Final Order shall be filed with the Court, and served upon (i) counsel to the Debtors (ii) counsel to the Pre-Petition First Lien Agent, (iii) counsel to the Pre-Petition Second Lien Agent, (v) the Pre-Petition Second Lien Agent, (vi) counsel to the proposed DIP Agent and (vii) counsel to any committee appointed pursuant to section 1102 of the Bankruptcy Code, if any, so as to be actually received on or

NY 243378077v2

before November 21, 2013 (the "**Objection Deadline**"). In the event no objections are filed by the Objection Deadline, a final order may be entered without further notice or a hearing. In the event that any objection is timely filed, a hearing will be set by the Court and the relief granted herein will remain in effect on an interim basis pending such hearing.

Dated: _____

                                         /s/ Ben Barry
                                         Ben Barry
                                         United States Bankruptcy Judge
                                         Dated: 10/31/2013

Prepared and submitted by:

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Telephone: (501) 688-8800
Facsimile: (501) 688-8807
Stan D. Smith (Ark. Bar No. 90117)
Lance R. Miller (Ark. Bar No. 85109)
Chris A. McNulty (Ark. Bar No. 08198)

-and-

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Nancy A. Mitchell
Maria J. DiConza
Matthew L. Hinker

*Proposed Counsel for the Debtors
and Debtors in Possession*

4

NY 243378077v2