IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division

| | |
|---|---|
| In re: <br><br> ALLENS, INC. and ALL VEG, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 5:13-bk-73597 (BTB) <br> and 5:13-bk-73598 (BTB) <br><br> Joint Administration <br> Under Case No. 5:13-bk-73597 (BTB) |

**INTERIM ORDER AUTHORIZING DEBTORS TO (I) MAINTAIN EXISTING INSURANCE POLICIES, PAY ALL POLICY PREMIUMS AND BROKERS' FEES ARISING THEREUNDER, AND RENEW OR ENTER INTO NEW POLICIES, AND (II) CONTINUE INSURANCE PREMIUM FINANCING PROGRAMS, PAY INSURANCE PREMIUM FINANCING OBLIGATIONS ARISING IN CONNECTION THEREWITH AND RENEW OR ENTER INTO NEW PREMIUM FINANCING ARRANGEMENTS**

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors in possession (the "**Debtors**") seeking entry of an order authorizing the Debtors to (a) maintain existing insurance policies, pay all policy premiums and brokers' fees arising thereunder, whether prepetition or postpetition, and renew or enter into new policies as needed, and (b) continue insurance premium financing under the Debtors' premium financing agreements, pay insurance premium obligations arising thereunder or in connection therewith, and renew or enter into new premium financing arrangements as needed when the existing arrangements expire, without further order of the Court; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: All Veg, LLC (9250) and Allens, Inc. (5020). The Debtors' business address is 305 E. Main Street, Siloam Springs, Arkansas 72761.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*NY 243378070v2*

Entered On Docket: 10/31/2013

having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record, the Motion is GRANTED on an interim basis.

2. The Debtors are authorized, but not directed, to honor the terms of their existing Policies, including making all postpetition payments (including postpetition fees and premiums) with respect to the Policies and existing PFAs on an uninterrupted basis, and may renew or enter into new Policies as needed, all in the ordinary course of the Debtors' business, without further order of the Court.

3. The Debtors are authorized, but not directed, to honor the terms of the existing PFAs and broker agreements, to make the necessary postpetition payments to IPFS, BDCF and their Brokers thereunder, and to renew such agreements or enter into new PFAs or broker agreements as needed, including making payments due and granting liens or security interests required thereunder, without further order of the Court.

4. The Debtors are authorized, but not directed, to pay any prepetition claims owed under the insurance policies or premium financing agreements, to the extent any such claims are owing as of the Petition Date. All of the Debtors' banks are authorized to receive, process, honor, and pay any and all checks or electronic transfers related this Order, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and the Banks may rely on the Debtors as to which checks to honor to effect the relief in the Motion.

5. To the extent that the insurance policies or related agreements may be deemed executory contracts within the meaning of section 365 of the Bankruptcy Code, the Debtors do not at this time seek authority to assume such contracts, no relief is granted in respect thereof, and no determination is made as to whether any such contracts are executory.

6. Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

7. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9. Notwithstanding anything to the contrary contained herein, any payment made, or authorization contained, hereunder shall be subject to the requirements and restrictions imposed on the Debtors under any order authorizing the use of cash collateral or authorizing the Debtors to enter into a debtor-in-possession financing facility and the documents associated with such facility, and shall be subject to all claims, liens, security interests and priorities granted in connection with such facility.

10. The Debtors shall serve a copy of this Order on the Special Service List within three (3) business of entry of the order. Any objection to entry of the Final Order shall be filed with the Court, and served upon (i) counsel to the Debtors (ii) counsel to the Pre-Petition First Lien Agent, (iii) counsel to the Pre-Petition Second Lien Agent, (v) the Pre-Petition Second Lien Agent, (vi) counsel to the proposed DIP Agent and (vii) counsel to any committee appointed pursuant to section 1102 of the Bankruptcy Code, if any, so as to be actually received on or

before November 21, 2013 (the "**Objection Deadline**"). In the event no objections are filed by the Objection Deadline, a final order may be entered without further notice or a hearing. In the event that any objection is timely filed, a hearing will be set by the Court and the relief granted herein will remain in effect on an interim basis pending such hearing.

Dated: _____

*/s/ Ben Barry*

Ben Barry
United States Bankruptcy Judge
Dated: 10/31/2013

Prepared and submitted by:

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Telephone: (501) 688-8800
Facsimile: (501) 688-8807
Stan D. Smith (Ark. Bar No. 90117)
Lance R. Miller (Ark. Bar No. 85109)
Chris A. McNulty (Ark. Bar No. 08198)

-and-

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Nancy A. Mitchell
Maria J. DiConza
Matthew L. Hinker

*Proposed Counsel for the Debtors
and Debtors in Possession*

NY 243378070v2                                  4