IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division

| | |
|---|---|
| In re: <br><br> ALLENS, INC. and ALL VEG, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 5:13-bk-73597 (BTB) <br> and 5:13-bk-73598 (BTB) <br><br> Joint Administration <br> Under Case No. 5:13-bk-73597 (BTB) |

**INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS NOTICING AND CLAIMS AGENT**

Before the Court is the Application for Entry of an Order Authorizing the Employment and Retention of Epiq Bankruptcy Solutions, LLC ("**Application**") filed on October 28, 2013 [Docket Entry No. 27]. Based on the Application and exhibits attached thereto, it is hereby:

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record, the Motion is GRANTED on an interim basis as set forth herein.

2. That the Debtors are authorized to retain Epiq nunc pro tunc to the Petition Date under the terms of the Services Agreement, and Epiq is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these cases, and all related tasks, all as described in the Application (the "**Services**").

3. That Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: All Veg, LLC (9250) and Allens, Inc. (5020). The Debtors' business address is 305 E. Main Street, Siloam Springs, Arkansas 72761.

1

*NY 243378095v2*

Entered On Docket: 10/31/2013

4. That Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. That Epiq is authorized to take such other action to comply with all duties set forth in the Application.

6. That the Debtors are authorized to compensate Epiq in accordance with the terms of the Retention Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. That Epiq shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

8. That the parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. That pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

10. That Epiq may hold its retainer under the Services Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement.

NY 243378095v2

11. That in the event Epiq is unable to provide the services set out in this order, Epiq will immediately notify the Clerk and Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorney.

12. That at the end of any of these cases or upon termination of the Epiq's services, the Debtors must obtain a termination order to terminate the services of the Epiq.

13. That after entry of a termination order, the Epiq shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable.

14. That the Debtors and Epiq are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. That, notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

16. That in the event of any inconsistency between the Services Agreement, the Application and the Order, the Order shall govern.

17. Notwithstanding anything to the contrary contained herein, any payment made, or authorization contained, hereunder shall be subject to the requirements and restrictions imposed on the Debtors under any order authorizing the use of cash collateral or authorizing the Debtors to enter into a debtor-in-possession financing facility and the documents associated with such facility, and shall be subject to all claims, liens, security interests and priorities granted in connection with such facility.

18. The Debtors shall serve a copy of this Order on the Special Service List within three (3) business of entry of the order. Any objection to entry of the Final Order shall be filed

3

with the Court, and served upon (i) counsel to the Debtors (ii) counsel to the Pre-Petition First Lien Agent, (iii) counsel to the Pre-Petition Second Lien Agent, (v) the Pre-Petition Second Lien Agent, (vi) counsel to the proposed DIP Agent and (vii) counsel to any committee appointed pursuant to section 1102 of the Bankruptcy Code, if any, so as to be actually received on or before November 21, 2013 (the "**Objection Deadline**"). In the event no objections are filed by the Objection Deadline, a final order may be entered without further notice or a hearing. In the event that any objection is timely filed, a hearing will be set by the Court and the relief granted herein will remain in effect on an interim basis pending such hearing.

Dated: _____

Prepared and submitted by:

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Telephone: (501) 688-8800
Facsimile: (501) 688-8807
Stan D. Smith (Ark. Bar No. 90117)
Lance R. Miller (Ark. Bar No. 85109)
Chris A. McNulty (Ark. Bar No. 08198)

-and-

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Nancy A. Mitchell
Maria J. DiConza
Matthew L. Hinker

*Proposed Counsel for the Debtors
and Debtors in Possession*

/s/ Ben Barry
Ben Barry
United States Bankruptcy Judge
Dated: 10/31/2013

4