**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division**

| | |
|---|---|
| In re: | Chapter 11 |
| ALLENS, INC. and ALL VEG, LLC,[1] | Case No. 13-73597 (BTB) and 13-73598 (BTB) |
| Debtors. | Jointly Administered Under Case No. 13-73597 (BTB) |

**FINAL ORDER (A) AUTHORIZING THE MAINTENANCE OF BANK ACCOUNTS
AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS,
(B) AUTHORIZING THE CONTINUED USE OF EXISTING CASH
MANAGEMENT SYSTEM, AND (C) WAIVING CERTAIN INVESTMENT AND
DEPOSIT GUIDELINES** [docs 78 and 10]

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seeking entry of an order: (a) authorizing the maintenance of the Debtors' existing bank accounts and continued use of existing business forms and checks; (b) authorizing, but not directing, the continued use of existing cash management system; and (c) waiving certain of the investment and deposit Guidelines promulgated by the Office of the United States Trustee; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: All Veg, LLC (9250) and Allens, Inc. (5020). The Debtors' business address is 305 E. Main Street, Siloam Springs, Arkansas 72761.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record, the Motion is GRANTED on a final basis.

2. The Debtors are authorized, but not directed, to maintain and use their existing Cash Management System, as more fully set forth in the Motion.

3. The Debtors are authorized, but not directed, to maintain and use the existing Bank Accounts listed on **Exhibit B** to the Motion in the name and with the account numbers existing immediately prior to the Petition Date.

4. The Debtors shall retain the authority to close or otherwise modify certain of their Bank Accounts, or otherwise make changes to their cash management system as they deem necessary to facilitate their chapter 11 cases and operations, or as may be necessary to comply with the requirements of any debtor-in-possession financing facility or cash collateral usage approved by this Court in each case, subject to the restrictions set forth in the Pre-Petition First Lien Loan Documents and any debtor-in-possession financing, as applicable.  In the event that the Debtors close any bank accounts, such closing shall be timely indicated on the Debtors' monthly operating reports or notice of such opening or closing shall otherwise be timely provided to the Office of the United States Trustee for Region 13 and counsel to any official committee of unsecured creditors appointed in these chapter 11 cases (subsequent to its appointment).

5. The Debtors are authorized to deposit funds in and withdraw funds from their Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated

clearinghouse transfers, electronic funds transfers, and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts.

6.　The Debtors are authorized to continue to use their pre-printed checks, correspondence, and business forms and checks, including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtor in possession status, provided that the Debtors will add the "Debtor in Possession" designation to any new checks that they obtain or create post-petition.

7.　The Banks, listed on **Exhibit B** to the Motion, and any and all other financial institutions receiving or transferring funds from the Debtors are hereby authorized to continue to service and administer the Bank Accounts of the relevant Debtor as a debtor in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, provided that nothing contained herein shall authorize any such bank to honor any check issued or dated prior to the date of the commencement of these chapter 11 cases, except as otherwise provided by further order of this Court.  In no event shall any of the Banks be required to honor overdrafts or to pay any check, wire or other debit against any of the Bank Accounts that is drawn against uncollected funds.

8.　The Banks are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order of this Court and governing law, whether such checks, drafts, wires or ACH Transfers are dated prior to, on, or subsequent to the Petition Date provided that sufficient funds are in the Debtors' accounts and may rely on the Debtors as to which checks to honor.  The

Banks shall not be liable to any party on account of: (i) following the Debtors' instructions or representations as to any order of this Court; (ii) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) an innocent mistake made despite implementation of reasonable item-handling procedures.

9. The Banks are authorized to charge and the Debtors are authorized to pay or honor any bank fees related to the Bank Accounts. The Banks also are authorized to charge back returned items to the Bank Accounts and exercise any right of setoff in the normal course of business

10. The Debtors may continue to pay, and the Banks may continue to charge and collect, all customary and usual fees arising from or related to the Bank Accounts.

11. The requirements of section 345(a) are waived for forty-five (45) days from the date of this Order on the limited basis set forth in the Motion.

12. For banks at which the Debtors hold accounts that are not party to a uniform depository agreement with the Office of the United States Trustee for Region 13, the Debtors are authorized, but not required, to use their good-faith efforts to cause the banks to execute a uniform depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a uniform depository agreement in a form prescribed by the U.S. Trustee are fully reserved.

13. Subject to section 553 of the Bankruptcy Code and the DIP Orders, and except as permitted pursuant to the Pre-Petition First Lien Loan Documents, all Banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing, or otherwise impeding the

Debtors' use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court.

14.     Prior to entry of the DIP Orders, the Pre-Petition First Lien Agent shall be to be entitled to all of the rights and benefits set forth in all deposit account control agreements and other interests and rights granted to the Pre-Petition First Lien Agent with respect to the Debtors' Bank Accounts prior to the Petition Date.

15.     Each Dominion Account shall remain under the sole dominion and control of the Pre-Petition First Lien Agent until such time as the DIP Order is entered, and thereafter shall be under the sole dominion and control of the DIP Agent pursuant to the terms of the DIP Orders and the DIP Loan Documents.

16.     Prior to entry of the DIP Order, the Pre-Petition First Lien Agent shall continue to have the right to sweep the Dominion Accounts on a daily basis and hold such funds in reserve subject to the Debtors' use of such funds solely in accordance with a budget approved in writing by the Pre-Petition First Lien Agent (an "**Approved Budget**").

17.     Immediately upon the entry of and subject to the terms of the DIP Orders the DIP Agent shall have the right to sweep the Dominion Accounts on a daily basis and the apply such funds pursuant to the terms of the DIP Orders and the DIP Loan Documents.

18.     Notwithstanding anything to the contrary contained herein, (i) any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the DIP Orders and the DIP Loan Documents, and (ii) any claim for which payment is authorized pursuant to this Order that is treated as an administrative expense of the Debtors' estates shall be and is subject and subordinate to any and all claims, liens, security

interests and priorities granted to the DIP Agent in accordance with and subject to the terms of the applicable DIP Order, and payment on any such claim shall be subject to any and all restrictions on payments in the DIP Orders and any other order of the Court authorizing the Debtors' use of cash collateral

19. Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

20. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

*/s/ Ben Barry*
Ben Barry
United States Bankruptcy Judge
Dated: 11/27/2013

Prepared and submitted by:

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Telephone: (501) 688-8800
Facsimile: (501) 688-8807
Stan D. Smith (Ark. Bar No. 90117)
Lance R. Miller (Ark. Bar No. 85109)
Chris A. McNulty (Ark. Bar No. 08198)

-and-

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Nancy A. Mitchell (*pro hac vice*)
Maria J. DiConza (*pro hac vice*)
Matthew L. Hinker (*pro hac vice*)

NY 243438946v1

*Proposed Counsel for the Debtors
and Debtors in Possession*

NY 243438946v1