IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division

| | |
|---|---|
| In re: | Chapter 7 |
| Veg Liquidation Inc. and All Veg, LLC, | Case Nos. 13-73597 (BTB) and 13-73598 (BTB) |
| Debtors. | Jointly Administered Under Case No. 13-73597 (BTB) |

**PACA CREDITORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO FED. R. BANK. P. 9019 APPROVING SETTLEMENT AGREEMENT**

COMES NOW, D & E Farms, Inc. ("D&E"), H.C. Schmieding Produce Co., Inc. ("Schmieding") and Hartung Brothers, Inc. ("Hartung") (collectively, "PACA Creditors"), by and through undersigned counsel, and hereby move the Court pursuant to Fed. R. Bank. P. 9019(a) for entry of an order approving the January 22, 2016 Settlement Agreement and Mutual Release annexed hereto as <u>Exhibit A</u> (the "Settlement Agreement") entered into between and among PACA Creditors, on one hand, and Alvarez & Marsal North America, LLC and Jonathan Hickman (collectively, "Alvarez"), Greenberg Traurig, LLP ("Greenberg"), Lazard Frères & Co. LLC, Lazard Middle Market LLC (collectively, "Lazard") and Freeborn & Peters LLP ("Freeborn") (collectively, "Adversary Defendants"), on the other hand. In support of their motion, the PACA Creditors state as follows:

**I.      JURISDICTION, VENUE AND STATUTORY PREDICATE**

1.      The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicate for the relief sought herein is 11 U.S.C. §105, and this motion is made pursuant to Fed. R. Bank. P. 9019.

## II.    BACKGROUND

3. On October 28, 2013 (the "Petition Date"), Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court.

4. Each of the PACA Creditors filed PACA Claims in this proceeding in accordance with the Order (I) Approving PACA Procedures, Including a PACA Claims Bar Date; (II) Authorizing the Debtors to Pay Allowed PACA Claims; and (III) Granting Related Relief (Docket No. 255) (the "PACA Procedures Order").

5. On December 23, 2013, D&E filed a PACA Claim in the principal amount of $1,895,859.65, plus interest at the rate of 18% per annum and attorneys' fees incurred in collecting its unpaid invoices (Claim No. 48); Schmieding filed a PACA Claim in the principal amount of $1,161,301.97, plus interest at the rate of 18% per annum and attorneys' fees incurred in collecting its unpaid invoices (Claim No. 57); and Hartung filed a PACA Claim in the principal amount of $7,806,352.08, plus interest at the rate of 10% per annum and attorneys' fees incurred in collecting its unpaid invoices (Claim No. 52).

6. On July 30, 2014, D&E was deemed to have an Allowed PACA Claim, as that term is defined in the PACA Procedures Order, in the principal amount of $1,895,859.65, plus interest at the rate of 17% per annum and attorneys' fees incurred in collecting its unpaid invoices (Docket No. 1045).

7. On August 20, 2014, Schmieding was deemed to have an Allowed PACA Claim in the principal amount of $1,161,163.22, plus interest at the rate of 17% per annum and attorneys' fees incurred in collecting its unpaid invoices (Docket No. 1068).

8. On October 9, 2014, Hartung was deemed to have an Allowed PACA Claim in the principal amount of $7,806,352.08, plus interest at the rate of 10% per annum and attorneys'

fees incurred in collecting it unpaid invoices (Docket No. 1151).

9. As of February 27, 2015, PACA Creditors were owed the aggregate amount of $13,492,831.61.

10. On February 27, 2015, Sager Creek Acquisition Corp. ("Sager Creek"), the purchaser of substantially all of Debtors' assets paid PACA Creditors the sum of $11,800,593.12 in accordance with its obligations under the Order (A) Authorizing and Approving the Sale of Substantially all of the Assets of Debtor Allens, Inc. Free and Clear of All Liens, Claims, Encumbrances, and Interests; (B) Authorizing and Approving the Asset Purchase Agreement; (C) Approving the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases; and (D) Granting Related Relief (Docket No. 644), and pursuant to a separate settlement agreement (the "Sager Settlement").

11. As of February 27, 2015, the payment by Sager Creek left a balance due PACA Creditors as compensation for their Allowed PACA Claims in the amount of $1,692,238.49 (the "Allowed PACA Claims Deficiency").

12. Between March 20, 2015 and April 1, 2015, PACA Creditors commenced three adversary proceedings against Freeborn and Greenberg (Case No. 5:15-ap-7026), Alvarez (Case No. 5:15-ap-7029) and Lazard (Case No. 5:15-ap-7042) (collectively, the "Adversary Proceedings") seeking to recover the Allowed PACA Claims Deficiency, plus additional accrued interest and attorneys' fees.

13. Thereafter, the Adversary Defendants moved to dismiss their respective adversary proceedings on a variety of grounds, but each of those motions was denied in their entirety by the Order on Motions to Dismiss dated September 15, 2015. (Docket No. 49 in Case No. 5:15-ap-7026).

14. On April 25, 2015, the Chapter 7 Trustee filed the Trustee's Motion to Compel Court Approval of a Settlement With Certain of the Debtors' PACA Trust Creditors (Docket No. 1341) (the "Motion to Compel"), seeking to compel PACA Creditors and Sager Creek to obtain court approval of the Sager Settlement pursuant to Fed. R. Bank. P. 9019. The Motion to Compel was granted by order of the Court dated August 11, 2015 (Docket No. 1397). That order found that because the Sager Settlement reserved the right to seek recovery of the Allowed PACA Claims Deficiency from any person or entity not released pursuant to the Sager Settlement, PACA Creditors could conceivably seek recovery from Debtors and the bankruptcy estate. Therefore, the Court concluded, the Sager Settlement may have an effect on the bankruptcy estate, and court approval of the Sager Settlement was warranted.

15. On November 6, 2015, Sager Creek filed the Buyer's Motion for an Order Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure Approving Settlement Agreement and Granting Related Relief (Docket No. 1430). That motion is presently *sub judice*. Although each of the Adversary Defendants filed objections to Sager Creek's motion, those objections will be withdrawn pursuant to the Settlement Agreement. There were no other objections filed to Sager Creek's motion.

16. On January 20, 2016, PACA Creditors and the Adversary Defendants agreed to settle the Adversary Proceedings in accordance with the terms of the Settlement Agreement.

17. Unlike the Sager Settlement, the Settlement Agreement contains no express provision reserving the right of the PACA Creditors to seek recovery of the Allowed PACA Claims Deficiency from any person or entity not released pursuant to the Settlement Agreement. As such, the reasoning of this Court's decision on the Motion to Compel which warranted the filing of Sager Creek's 9019 motion is inapplicable. Nevertheless, out of an abundance of

caution, PACA Creditors and Adversary Defendants have elected to file the instant motion seeking approval of the Settlement Agreement even though they do not believe they are required to do so pursuant to Fed. R. Bank. P. 9019(a).

### III.     ARGUMENT

18. Pursuant to Fed. R. Bank. P. 9019(a), upon "motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). Approval of a settlement is appropriate where the agreement is "fair and equitable and in the best interests of the estate." *Martin v. Cox (In re Martin)*, 212 B.R. 316, 319 (B.A.P. 8th Cir. 1997). A proposed settlement "is not required to constitute the best result obtainable." *Ritchie Capital Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278 (8th Cir. Minn. 2015) (internal citation and punctuation omitted). Instead, the Court "need only ensure the settlement does not fall below the lowest point in the range of reasonableness." *Id*. (internal citation and punctuation omitted).

19. The reasonableness of a proposed settlement is reviewed for four factors: "(A) the probability of success in the litigation; (B) the difficulties, if any to be encountered in the matter of collection; (C) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (D) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id*. citing *Protective Committee for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968).

20. Because the settlement agreement does not in any way involve Debtors, these factors are of limited utility in assessing the reasonableness of the Settlement Agreement. To the extent they are applicable, the Adversary Proceedings would have involved extensive litigation between PACA Creditors and the Adversary Defendants at great cost and inconvenience to both sides. In addition, Adversary Defendants advised PACA Creditors of their intention to file cross-

claims against numerous additional entities and parties in interest in these bankruptcy cases. The expense, inconvenience and burden on judicial resources would have been considerable.

21. Furthermore, the interests of all unpaid creditors would have been negatively impacted by the uncertainty surrounding the Adversary Proceedings since any unpaid PACA Creditor could have asserted claims against any assets recovered by the Trustee. Approval of the Settlement Agreement will remove PACA's shadow over all further proceedings in these bankruptcy cases.

22. Finally, the Settlement Agreement, reached after arms-length negotiations between the PACA Creditors and the Adversary Defendants, results in the payment of the majority of the Allowed PACA Claims Deficiency at no cost to the estate or other non-administrative creditors. Therefore, the terms of the Settlement Agreement are in the best interests of the estate, do not "fall below the lowest point in the range of reasonableness," *Ritchie Capital Mgmt., L.L.C.*, 785 F.3d at 278, and PACA Creditors' motion should be granted in its entirety.

### IV. CONCLUSION

23. For the foregoing reasons, the PACA Creditors respectfully request that an order be entered in the form annexed hereto as Exhibit A, approving the Settlement Agreement it its entirety and granting PACA Creditors such other and further relief as the Court deems just and proper.

### V. NO PREVIOUS REQUEST

24. No previous request for the relief sought herein has been made to this or any other Court.

## VI. NOTICE AND OPPORTUNITY TO OBJECT

25. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) the Committee; (c) the Chapter 7 Trustee; and (e) all those who have entered an appearance in these cases pursuant to Bankruptcy Rule 2002. PACA Creditors respectfully submit that such notice is sufficient, and request that, except as provided herein, the Court find that no further notice of the relief requested herein is required.

26. Notice is hereby given that PACA Creditors have filed the foregoing Motion For Entry of an Order Pursuant to Fed. R. Bank. P. 9019 Approving Settlement Agreement. Objections to the Motion must be filed in writing within twenty-one (21) days of the date of this notice. If objections are received in the time allowed, such objections will be set for hearing by subsequent notice. If no objections are received in the time allowed the court may enter an order approving the motion without further notice or hearing. Objections may be filed with the Clerk, United States Bankruptcy Court, 35 East Mountain Street, Room 316, Fayetteville, Arkansas 72701. Attorneys filing objections must make the filing by electronic means via the Court's ECF System. A copy of any objection must also be served on the attorneys named below.

Dated: Fayetteville, Arkansas
      January 22, 2016

Respectfully submitted,
**STANLEY V. BOND, LTD.**

By: /s/Stanley V Bond
Stanley Bond, Esq.
Arkansas Bar No. 93034
525 S. School Avenue, Suite 100
Fayetteville, Arkansas 72702
Telephone: (479) 444-0255
Facsimile: (479) 444-7141
attybond@me.com

- and -

MCCARRON & DIESS

Gregory Brown
New York Bar No. 4366498
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Telephone (631) 425-8110
gbrown@mccaronlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 22nd day of January, 2016, a copy of the foregoing PACA Creditors' Motion for Entry of an Order Pursuant to Fed. R. Bank. P. 9019 Approving Settlement Agreement was served via the Court's CM/ECF system on any party who has filed a request for notice in this proceeding and via US Mail on the following entities at the address set forth after each name:

R. Ray Fulmer, II
Chapter 7 Panel Trustee
P.O. Box 185
Fort Smith, AR 72902-0185

U.S. Trustee
Office of U. S. Trustee
200 W Capitol, Ste. 1200
Little Rock, AR 72201

Jeffrey L. Cohen
Cooley, LLP
Counsel for the Creditor Committee
1114 Avenue of the Americas
New York, NY 10036

/s/ Stanley V. Bond
Stanley V. Bond

*Proposed Order*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case Nos. 5:13-bk-73597-BTB and |
| VEG LIQUIDATION, INC. and ) | 5:13-bk-73598 (BTB) |
| ALL VEG LLC, ) | |
| ) | |
| Debtors. ) | Chapter 7 |
| ) | |
| ) | Jointly Administered Under |
| ) | Case No. 5:13-bk-73597-BTB |
| ) | |

**ORDER PURSUANT TO RULE 9019(a) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING
SETTLEMENT AND RELEASE AGREEMENT AND GRANTING RELATED RELIEF**

Upon the motion (the "*Motion*"), pursuant to rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), for entry of an order approving the settlement and release agreement (the "*Agreement*"), dated as of January 22, 2016, among D&E Farms, Inc. ("*D&E*"), H.C. Schmieding Produce Co., Inc. ("*Schmieding*"), and Hartung Brothers, Inc. ("*Hartung*," and together with D&E and Schmieding, the "*PACA Plaintiffs*") on the one hand, and Freeborn & Peters LLP ("*Freeborn*"), Greenberg Traurig, LLP ("*Greenberg*"), Lazard Frères & Co., LLC and Lazard Middle Market LLC (collectively, "*Lazard*"), and Alvarez & Marsal North America, LLC and Jonathan C. Hickman (collectively, "*Alvarez*," and together with Freeborn, Greenberg, and Lazard, the "*Defendants*")(the foregoing collectively, the "*Parties*"), all as more fully described in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S. C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing

1

that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the above-captioned debtors, their estates, creditors, and all parties in interest and that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND AND DETERMINED THAT:

1.     Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion or the Agreement, as applicable.

2.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is Bankruptcy Rule 9019.

3.     A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (1) the Office of the U.S. Trustee for the Western District of Arkansas; (2) the Chapter 7 Trustee; (3) all parties to the Agreement; and (4) all parties requesting electronic service pursuant to Bankruptcy Rule 2002.  The notice provided to the foregoing parties was reasonable and sufficient and no further notice is required.

4.     The compromise and settlement set forth within the Motion and in the Agreement attached to this order as **Exhibit "1"** is fair and equitable to the Debtors' estates and is in their best interests.

5.     The Agreement was proposed and negotiated by the parties without collusion, in good faith, and from arm's length bargaining positions.

2

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Western District of Arkansas are satisfied by such notice.

7. In light of the facts and circumstances of the cases, the consideration received by the Parties under the Agreement represents reasonably equivalent value for the assets transferred, claims being released and/or subordinated, and all other consideration given or received.

8. The benefits and consideration that the Parties are providing under the Agreement are fair, equitable and adequate consideration for the releases and other consideration being received under the Agreement and constitute reasonably equivalent value therefor, and the transfers made by each Party contemplated by the Agreement are not subject to avoidance under any applicable law or in equity.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

9. The Motion is GRANTED in its entirety.

10. All objections, including any objection of any party in interest to the Motion, or any portion thereof, that have not been withdrawn, waived, settled, or specifically addressed in this Order and all reservations of rights included in such objections, are hereby overruled on the merits.

11. The Agreement is approved in all respects and the Parties are bound by the provisions thereof, including "Conditions of Settlement" and "Representations and Warranties" as provided in paragraphs 10 and 11 of the Agreement.

12. The Parties are hereby authorized, empowered, and directed to enter into and perform, and consummate the transactions contemplated by the Agreement as set forth in, and in accordance with, the terms and conditions of the Agreement and as set forth in the Motion.

13. The Defendants shall each pay or cause to be paid to the PACA Plaintiffs such Defendant's portion of the collective sum of One Million Dollars ($1,000,000.00) (the "*Payment*"), within three (3) business days of the Effective Date, as defined in the Agreement. The Payment shall be made, by each Defendant, in the form of wire transfer pursuant to the wire instructions attached to the Agreement as **Exhibit "B."**

14. Each Defendant shall file the Dismissal Stipulations in its respective Adversary Proceeding after the PACA Plaintiffs have provided written notice of settlement of such Defendant's portion of the Payment, as set forth in the Agreement.

15. The PACA Plaintiffs shall file a Notice of Withdrawal, in substantially the same form attached as **Exhibit "F"** to the Agreement, of their objection to the Greenberg Final Fee Application within one (1) business day of receiving the Greenberg portion of the Payment.

16. Each Defendant shall file a Notice of Withdrawal of their respective Sager Creek 9019 Objection contemporaneously with the filing of each Defendant's respective Dismissal Stipulation.

17. The PACA Plaintiffs shall hereby fully release and forever discharge the Defendants, as well as all of their affiliates, parent companies, joint ventures, insurers, and partnerships, and their respective current and former partners, employees, agents, officers, directors, attorneys and any other representatives, and each of them (the "*Released Defendants*"), from any and all matters, actions, claims, suits, demands, rights, debts, agreements, promises, liabilities, obligations, damages, costs and expenses of every nature, character, description and amount, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, direct or indirect, asserted or unasserted, or which may presently exist or which may hereafter arise or become known, with respect to, in connection with, arising from or related to the Bankruptcy

4

Case, the Adversary Proceedings, or the Greenberg Final Fee Application or any other possible or potential claims of any nature that could ever be asserted against any Released Defendant in relation thereto, including in connection with any fee or expense payment made to any Defendant in connection with Allens either prior to or subsequent to the Petition Date.  For the avoidance of doubt, the release as to each individual Defendant shall occur upon the satisfaction of each respective Defendant's portion of the Payment, and the failure of any Defendant to pay its portion of the Payment to the PACA Plaintiffs shall render this release null and void as to that Defendant.

18.     The Defendants shall hereby fully release and forever discharge the PACA Plaintiffs as well as all of their affiliates, parent companies, joint ventures, insurers, partnerships, and their respective current and former partners, employees, agents, officers, directors, attorneys and any other representatives, and each of them, from any and all matters, actions, claims, suits, demands, rights, debts, agreements, promises, liabilities, obligations, damages, costs and expenses of every nature, character, description and amount, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, direct or indirect, asserted or unasserted, or which may presently exist or which may hereafter arise or become known, with respect to, in connection with, arising from or related to the Bankruptcy Case, the Adversary Proceedings, or the Greenberg Final Fee Application or any other possible or potential claims of any nature that could ever be asserted against the PACA Plaintiffs in relation thereto.  For the avoidance of doubt, the release as to the PACA Claimants shall occur upon entry of orders approving the Dismissal Stipulations and, in the case of Greenberg, upon withdrawal of the objection to the Greenberg Final Fee Application.

19. Each individual Defendant shall hereby fully release and forever discharge each other individual Defendant as well as each of their affiliates, parent companies, joint ventures, partnerships, employees, agents, officers, directors, attorneys and any other representatives, from any and all contribution claims relating to or arising out of the subject matter of the Agreement. For the avoidance of doubt, the release as to each individual Defendant shall occur upon the satisfaction of each respective Defendant's portion of the Payment.

20. Any future claims by any creditor or party in interest against the Defendants under PACA in connection with the Debtors, both prior to and subsequent to the Petition Date, including claims for funds due under PACA or for disgorgement or recovery of monies received by the Defendants from Allens and/or the Debtors are hereby forever and expressly barred. The amounts paid by each Defendant pursuant to the Agreement shall constitute the full and final extent of any liability owed by the Defendants under PACA in connection with the Debtors, both prior to and subsequent to the Petition Date, including claims for funds due under PACA or for disgorgement or recovery of monies received by the Defendants from Allens and/or the Debtors.

21. This Court shall retain jurisdiction to ensure that the purposes and intent of the settlement pursuant to the Agreement and as set forth within the Motion approved by this Order are carried out and to determine all controversies, suits or disputes that may arise in connection with the enforcement, interpretation or consummation of this Order and the settlement pursuant to the Agreement and Motion approved herein.

Dated: _____, 201_
Fayetteville, Arkansas

                                                                                                                                          _____
                                                                Honorable Ben Barry
                                                                United States Bankruptcy Judge