## SETTLEMENT AND RELEASE AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT ("*Agreement*"), dated January 22, 2016, is by and among D&E FARMS, INC. ("*D&E*"), H.C. SCHMIEDING PRODUCE CO., INC. ("*Schmieding*"), and HARTUNG BROTHERS, INC. ("*Hartung,*" and together with D&E and Schmieding, the "*PACA Plaintiffs*") on the one hand, and FREEBORN & PETERS LLP ("*Freeborn*"), GREENBERG TRAURIG, LLP ("*Greenberg*"), LAZARD FRÈRES & CO., LLC and LAZARD MIDDLE MARKET LLC (collectively, "*Lazard*"), and ALVAREZ & MARSAL NORTH AMERICA, LLC and JONATHAN C. HICKMAN (collectively, "*Alvarez,*" and together with Freeborn, Greenberg, and Lazard, the  "*Defendants*") on the other hand.  For purposes of this Agreement, each of the PACA Plaintiffs and Defendants may individually be referred to as a "*Party*" and collectively be referred to as the "*Parties*."

## RECITALS

### I.     THE BANKRUPTCY CASE

A.  On October 28, 2013, (the "*Petition Date*"), Allens, Inc. and All Veg, LLC ( collectively, "*Allens*" or the "*Debtors*") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") thereby initiating jointly administered bankruptcy case no. 5:13-73597 (the "*Bankruptcy Case*") pending in the United States Bankruptcy Court for the Western District of Arkansas, Fayetteville Division (the "*Bankruptcy Court*").

B.  On November 4, 2013, the Debtors filed their *Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of the Law Firm of Greenberg Traurig, LLP as Counsel For the Debtors Nunc Pro Tunc as of the Petition Date* (the "*Greenberg Employment Application*") [Docket No. 119].[1] The Greenberg Employment Application was approved by the *Order Authorizing the Retention and Employment of the Law Firm of Greenberg Traurig, LLP as Counsel For the Debtors Nunc Pro Tunc as of the Petition Date* [Docket No. 253].

C.  On November 4, 2013, the Debtors filed their *Application of the Debtors for Entry of an Order Under 11 U.S.C. 105(a) and 363(b) (A) Authorizing Retention and Employment of Alvarez & Marsal North America, LLC to Provide the Debtors a Chief Restructuring Officer, Certain Assistant Chief Restructuring Officers, Certain Additional Personnel and (B) Designating Jonathan Hickman as Chief Restructuring Officer for the Debtors Nunc Pro Tunc to the Petition Date* (the "*Alvarez Employment Application*") [Docket No. 128]. The Alvarez Employment Application was approved by the *Order Under 11 U.S.C. §§ 105(a) and 363(b) (A) Authorizing Retention and Employment of Alvarez & Marsal North America, LLC to Provide Debtors a Chief Restructuring Officer, Certain Assistant Chief Restructuring Officers, and Certain Additional Personnel and (B) Designating Jonathan Hickman as Chief Restructuring Officer for the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 256].

---

[1] References to Docket Nos. refer to the filings in the Bankruptcy Case.

D.  On November 4, 2013, the Debtors filed their *Debtors' Application for Entry of an Order Under 11 U.S.C. 327(a) and 328(a) and Fed. R. Bankr. P. 2014 and 2016 Authorizing the Employment and Retention of Lazard Frères & Co. LLC and Lazard Middle Market LLC as Investment Banker to the Debtors Nunc Pro Tunc as of the Petition Date* (the "*Lazard Employment Application*") [Docket No. 129].   The Lazard Employment Application was approved by the *Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Lazard Frères & Co. LLC and Lazard Middle Market LLC as Investment Banker for the Debtors Nunc Pro Tunc as of the Petition Date* [Docket No. 257].

E.  On November 5, 2015, the Debtors filed their *Amended Application of the Debtors for Order Authorizing Retention and Employment of Certain Professionals Utilized by the Debtors in the Ordinary Court of Business* (the "*Ordinary Course Professionals Employment Application*") [Docket No. 136] seeking employment of, among others, Freeborn.  The Ordinary Course Professionals Employment Application was approved by the *Order Authorizing the Retention and Employment of Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* [Docket No. 286].

F.  On June 6, 2014, following a sale of the Debtors' assets (as described below) the Bankruptcy Case was converted to a case under chapter 7 of the Bankruptcy Code [Docket No. 970].

## II.   THE PACA CLAIMS

G.  On November 4, 2013, the Debtors filed their *Motion for an Order: (I) Approving PACA Procedures, Including a PACA Claims Bar Date; (II) Authorizing the Debtors to Pay Allowed PACA Claims; and (III) Granting Related Relief* (the "*PACA Procedures Motion*") [Docket No. 125], which was approved by the Bankruptcy Court by order dated November 27, 2013 (the "*PACA Order*") [Docket No. 255].

H.  The PACA Order established procedures to (i) establish a deadline for claimants asserting claims under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq. ("*PACA*") to assert claims arising under PACA against the PACA Trust Assets (as defined in the PACA Order); (ii) determine the amount of valid PACA claims; and (iii) authorize the payment of Allowed PACA Claims from the Estate.

I.  The PACA Plaintiffs allege they are each subject to and licensed as dealers under PACA and filed claims under PACA (the "*PACA Claims*") in the Bankruptcy Case as follows:

a.  On December 23, 2013, D&E filed a PACA Claim in the principal amount of $1,895,859.65, plus interest at the rate of 18% per annum and attorneys' fees incurred in collecting its unpaid invoices  (the "*D&E Claim*") [Docket No. 48];

b.  On December 23, 2013, Schmieding filed a PACA Claim in the principal amount of $1,161,301.97, plus interest at the rate of 18% per annum and

2

attorneys' fees incurred in collecting its unpaid invoices (the "*Schmieding Claim*") [Docket No. 57]; and

c. On December 23, 2013, Hartung filed a PACA Claim in the principal amount of $7,806,352.08, plus interest at the rate of 10% per annum and attorneys' fees incurred in collecting its unpaid invoices (the "*Hartung Claim*") [Docket No. 52].

J.   On January 13, 2014, the Debtors filed their *Debtors' Omnibus Objection to PACA Claims* [Docket No. 417] which objected to, among others, the claims filed by the PACA Plaintiffs.

K.   On July 30, 2014, the Bankruptcy Court ordered that the D&E Claim was allowed in the principal amount of $1,895,859.65, plus interest at the rate of 17% per annum and attorneys' fees incurred in collecting its unpaid invoices [Docket No. 1045].

L.   On August 20, 2014, the Bankruptcy Court ordered that the Schmieding Claim was allowed in the principal amount of $1,161,301.97, plus interest at the rate of 17% per annum and attorneys' fees incurred in collecting its unpaid invoices [Docket No. 1068].

M.  On October 9, 2014, the Bankruptcy Court ordered that the Hartung Claim was allowed in the principal amount of $7,806,352.08, plus interest at the rate of 10% per annum and attorneys' fees incurred in collecting its unpaid invoices [Docket No. 1151].

N.   The Debtors appealed the allowance of the PACA Claims [Docket Nos. 1056, 1134, and 1170] (the "*PACA Appeals*").

O.   Based on *Notices of Amended Claim Calculation* filed by the PACA Plaintiffs, D & E asserts a PACA Claim of approximately $2,286,956.06, Schmieding asserts a PACA Claim of approximately $1,411,547.10 and Hartung asserts a PACA Claim of approximately $9,111,583.88, for a total of $12,810,807.04 [Docket Nos. 1049, 1077, and 1159] as of the date of those filings.

## III.   THE SALE & SAGER CREEK SETTLEMENT

P.   On February 12, 2014, the Court approved a sale of substantially all of the Debtor Allens, Inc.'s assets to Sager Creek Acquisition Corp. ("*Sager Creek*") through the entry of the *Order (A) Authorizing and Approving the Sale of Substantially All of the Assets of Debtor Allen Inc. Free And Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing And Approving the Asset Purchase Agreement; (C) Approving the Assumption of and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* (the "*Sale Order*") [Docket No. 644]. The Sale Order established an escrow to pay all disputed PACA claims upon resolution (the "*PACA Escrow*").

Q.   The PACA Plaintiffs believed that the Sale Order would not result in their receipt of full payment of their PACA Claims and on October 31, 2014 filed their *PACA Creditors' Motion*

*for Relief from Sale Order Pursuant to Fed. R. Bank. [sic] P. 9024 and Fed. R. Civ. P. 60(B)(3)* (the "*60(b) Motion*") [Docket No. 1196].

R.  The PACA Plaintiffs and Sager Creek settled the 60(b) Motion by entering into a settlement agreement (the "*Sager Creek Settlement*").

S.  On February 27, 2015, Sager Creek paid the PACA Plaintiffs the sum of $11,800,592.12 in accordance with the Sager Creek Settlement (the "*PACA Payment*").

T.  Following the PACA Payment and in accordance with the Sager Creek Settlement, Sager Creek dismissed the PACA Appeals, on its own behalf and as attorney-in-fact for the Debtors.

U.  The PACA Plaintiffs allege that as of February 27, 2015, the amount of $1,692,238.49 remained due and owing to the PACA Plaintiffs on account of their PACA Claims.  The Defendants contend that, among other things, the PACA Plaintiffs' claims were satisfied in full by Sager Creek.

V.  On November 6, 2015, Sager Creek filed its *Buyer's Motion for an Order Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure Approving Settlement Agreement and Granting Related Relief* ("*Sager Creek Settlement 9019 Motion*") [Docket No. 1430].  The PACA Plaintiffs filed a joinder to the Sager Creek Settlement 9019 Motion on November 6, 2015 [Docket No. 1431].

W.  On November 27, 2015, each of the Defendants, either individually or by joinder, filed an objection to the Sager Creek Settlement 9019 Motion (collectively, the "*Sager Creek 9019 Objections*") [Docket Nos. 1443, 1444, and 1445].

## IV.   THE GREENBERG FEE OBJECTION

X.  On July 18, 2015, Greenberg filed its *Second and Final Application for Allowance of Fees and Expenses of Greenberg Traurig, Counsel for Debtors and Notice of Opportunity to Objection* (the "*Greenberg Final Fee Application*") [Docket No. 1035].

Y.  On August 29, 2015, the PACA Plaintiffs filed the *Omnibus Objection of PACA Creditors to Applications for Allowance of Fees and Expenses by Counsel for Debtors and Committee of Unsecured Creditors* [Docket No. 1088] (the "*PACA Objection*") objecting to, among other things, the Greenberg Final Fee Application.  The PACA Objection was the only objection to the Greenberg Final Fee Application.

Z.  The Greenberg Final Fee Application was adjourned as to permit the parties to resolve the PACA Objection but otherwise remains pending before the Bankruptcy Court.

## V.   THE PACA PLAINTIFFS' ADVERSARY PROCEEDINGS

AA.   On March 20, 2015, the PACA Plaintiffs filed adversary proceeding no. 5:15-ap-07026 against Freeborn and Greenberg for Unlawful Receipt and Retention of PACA Trust

Assets, Disgorgement of Professional Compensation, Unlawful Multiplication of Proceedings, Unjust Enrichment, and Interest and Attorneys' Fees (the "*Freeborn and Greenberg Adversary*").

BB.    On March 25, 2015, the PACA Plaintiffs filed adversary proceeding no. 5:15-ap-07029 against Alvarez for Unlawful Receipt and Retention of PACA Trust Assets, Disgorgement of Professional Compensation, Unlawful Dissipation of Trust Assets by a Corporate Official, Unjust Enrichment, and Interest and Attorneys' Fees (the "*Alvarez Adversary*").

CC.    On April 1, 2015, the PACA Plaintiffs filed adversary proceeding no. 5:15-ap-07042 against Lazard for Unlawful Receipt and Retention of PACA Trust Assets, Disgorgement of Professional Compensation, Unjust Enrichment, and Interest and Attorneys' Fees (the "*Lazard Adversary*," and together with the Freeborn and Greenberg Adversary and Alvarez Adversary, the "*Adversary Proceedings*").

DD.    The Defendants dispute the allegations in the Adversary Proceedings and contend that, among other things, the claims asserted by the PACA Plaintiffs have been fully satisfied.

EE.    The Parties now conclude that it serves their respective interests to avoid the expenditure of additional time, effort, and resources in connection with the Adversary Proceedings and Greenberg Final Fee Application and now desire to reach a full and final compromise and settlement among them of all matters, causes of action, and rights arising out of, or related to the Adversary Proceedings and Greenberg Final Fee Application.

## <u>AGREEMENT</u>

NOW, THEREFORE, in consideration of the terms, covenants, promises, releases, and agreements of the Parties as set forth herein, the Parties to this Agreement hereby agree to settle the disputes described above on behalf of themselves and any and all of their predecessors, successors, assigns, insurers, and any other parties or persons claiming by, through, or under any of the Parties hereto pursuant to the following terms and conditions:

1.    <u>Recitals</u>.  The foregoing Recitals are true and correct and are incorporated herein by this reference.

2.    <u>Effective Date</u>.  The date the Approval Order becomes a Final Order.

3.    <u>Approval Order</u>.  An order entered by the Bankruptcy Court in the Bankruptcy Case pursuant to Fed. R. Bank. P. 9019 approving the Agreement in the form substantially similar to the form of proposed order made part of the motion attached hereto as **Exhibit "A"** or such other order entered by the Court approving the material terms and conditions of this Agreement, which, among other things, expressly bars any future claims by PACA Plaintiffs against the Defendants under PACA in connection with the Debtors, both prior to and subsequent to the Petition Date, including claims by PACA Plaintiffs for funds due under PACA or for disgorgement or recovery of monies received by the Defendants from Allens.

4.      Final Order.  An order or judgment of the Bankruptcy Court as to which no stay has been entered and either the time to appeal, petition for certiorari, or move for a new trial, reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for a new trial, reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, new trial, reargue, or rehear shall have been waived in writing in form and substance satisfactory to the Parties, or, in the event that an appeal, writ of certiorari, new trial, reargument, or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been determined by the highest court to which such order was appealed, or certiorari, new trial, reargument or rehearing shall have been denied and the time to take any further appeal, petition for certiorari, or move for a new trial, reargument or rehearing shall have expired; provided, however, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure (or the Bankruptcy Rule equivalent), may be filed with respect to such order shall not preclude such order from being deemed a Final Order.  Notwithstanding the foregoing, the Approval Order shall be deemed a Final Order if no appeal, petition for certiorari, or motion for a new trial, reargument or rehearing has been filed within fourteen (14) days of the date of entry of the Approval Order.

5.      Settlement Payment.  The Defendants will pay or cause to be paid to the PACA Plaintiffs the collective sum of One Million Dollars ($1,000,000.00) (the "*Payment*"), within three (3) business days of the Effective Date.  The Payment shall be made in the form of wire transfer made, by each Defendant, pursuant to the wire instructions attached hereto as **Exhibit "B."**  The Payment shall be allocated as set forth in **Exhibit "C" attached hereto**, with each Defendant to be liable for only the amount designated as its portion of the Payment.

6.      Stipulated Dismissal of the Adversary Proceedings.  Contemporaneously with the execution of this Agreement, the PACA Plaintiffs shall execute and deliver to the Defendants stipulations for dismissal, with prejudice, of the Adversary Proceedings (the "*Dismissal Stipulations*") in substantially the same forms attached as **Exhibits "D" – "F."**  Each of the Dismissal Stipulations shall be held in escrow by the respective Defendant's counsel until PACA Plaintiffs have provided written confirmation of receipt of the respective Defendant's portion of the Payment.  PACA Plaintiffs shall provide such written confirmation within one (1) business day of settlement of the respective portions of the Payment in the account(s) specified in **Exhibit "B"**.  In the event any of the Defendants fails to pay its portion of the Payment as contemplated herein, the Dismissal Stipulation for that Defendant shall be deemed null and void.

7.      Withdrawal of Objection to the Greenberg Fee Application.  The PACA Plaintiffs agree to file a Notice of Withdrawal, in substantially the same form attached hereto as **Exhibit "G,"** of their objection to the Greenberg Final Fee Application within one (1) business day of receiving the Greenberg portion of the Payment.  The PACA Plaintiffs further agree not to lodge or assert any other formal or informal objections, either directly or indirectly to the Greenberg Final Fee Application.

8.      Withdrawal of Sager Creek 9019 Objections.  Each Defendant agrees to file a Notice of Withdrawal of their respective Sager Creek 9019 Objection contemporaneously with the filing of each Defendants' respective Dismissal Stipulation.

9.      <u>Approval of the Agreement</u>.  Within three (3) business days of execution of the Agreement by all Parties, the PACA Plaintiffs will file, and the Defendants will support, a request for Bankruptcy Court approval of the Agreement pursuant to Fed. R. Bank. P. 9019 (the "*Approval Motion*") in the form attached hereto as **Exhibit "A."**  The Approval Motion will further request, and the Parties will support, that the order approving the Agreement bar any future claims against the Defendants by any of the PACA Plaintiffs claiming amounts due under PACA in the Bankruptcy Case.

10.     <u>Conditions of Settlement.</u>     This Agreement is subject to, and expressly conditioned upon, satisfaction of the following conditions:

     a.      Entry of orders approving the Dismissal Stipulations of the Adversary Cases;

     b.      Withdrawal of the PACA Plaintiffs' objection to the Greenberg Final Fee Application; and

     c.      Occurrence of the Effective Date.

11.     <u>Representations and Warranties</u>.  The Parties represent, warrant, and covenant as follows:

     a.      None of the Parties is prohibited or restricted from entering into or consummating the transactions contemplated by this Agreement, by any other agreement, law, regulation, order, or judgment;

     b.      Each of the undersigned Parties have full authority to execute this Agreement on behalf of their respective Party and have obtained all necessary approvals;

     c.      This Agreement and all other documents and instruments executed and delivered by the Parties in connection herewith are each valid and binding obligations and are legally enforceable against the Parties, and each of them, according to their terms;

     d.      The Parties shall strictly perform the terms and conditions in this Agreement;

     e.      This Agreement is executed voluntarily and not pursuant to any duress; and

     f.      The transfers and conveyances made to the Parties pursuant to this Agreement are not intended to hinder, defraud, or delay any of the respective creditors of the Parties.

12.   <u>Present and Future Claims</u>.  Other than as alleged in the Adversary Proceedings or otherwise set forth herein, none of the PACA Plaintiffs has filed with any governmental agency or court any type of action or report against, or in any way implicating, the Defendants.

13.   <u>Releases</u>.  Except for the obligations of the Parties, and their respective rights and any claims expressly set forth in or arising under this Agreement, and subject to: (i) the occurrence of the Effective Date, (ii) payment by each of the Defendants of its respective portion of the Payment, (iii) orders approving the Dismissal Stipulations in each of the Adversary Proceedings, and, (iv) solely with respect to Greenberg, withdrawal of the PACA Plaintiffs' objection to the Greenberg Final Fee Application:

    a.    The PACA Plaintiffs hereby fully release and forever discharge the Defendants, as well as all of their affiliates, parent companies, joint ventures, insurers, and partnerships, and their respective current and former partners, employees, agents, officers, directors, attorneys and any other representatives, and each of them (the "*Released Defendants*"), from any and all matters, actions, claims, suits, demands, rights, debts, agreements, promises, liabilities, obligations, damages, costs and expenses of every nature, character, description and amount, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, direct or indirect, asserted or unasserted, or which may presently exist or which may hereafter arise or become known, with respect to, in connection with, arising from or related to the Bankruptcy Case, the Adversary Proceedings, or the Greenberg Final Fee Application or any other possible or potential claims of any nature that could ever be asserted against any Released Defendant in relation thereto, including in connection with any fee or expense payment made to any Defendant in connection with Allens either prior to or subsequent to the Petition Date.  For the avoidance of doubt, the release as to each individual Defendant shall occur upon the satisfaction of each respective Defendant's portion of the Payment, and the failure of any Defendant to pay its portion of the Payment to all of the PACA Plaintiffs shall render this release null and void as to that Defendant.

    b.    The Defendants hereby fully release and forever discharge the PACA Plaintiffs as well as all of their affiliates, parent companies, joint ventures, partnerships, employees, agents, officers, directors, attorneys and any other representatives, and each of them, from any and all matters, actions, claims, suits, demands, rights, debts, agreements, promises, liabilities, obligations, damages, costs and expenses of every nature, character, description and amount, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, direct or indirect, asserted or unasserted, or which may presently exist or which may hereafter arise or become known, with respect to, in connection with, arising from or related to the Bankruptcy Case, the Adversary Proceedings, or the Greenberg Final Fee Application or any other possible or potential claims of any

nature that could ever be asserted against the PACA Plaintiffs in relation thereto.

c.   Each individual Defendant hereby fully releases and forever discharges each other individual Defendant as well as each of their affiliates, parent companies, joint ventures, insurers, partnerships, and their respective current and former partners, employees, agents, officers, directors, attorneys and any other representatives, from any and all contribution claims relating to or arising out of the subject matter of the Agreement. For the avoidance of doubt, the release as to each individual Defendant shall occur upon the satisfaction of each respective Defendant's portion of the Payment.

d.   Notwithstanding the foregoing, any claims arising out of the breach of this Agreement by any Party are excluded from the Releases and, in the event of any such breach, the non-breaching party shall be entitled to pursue any and all rights, claims and damages arising out of the breach of this Agreement that it may have against the other party notwithstanding and without regard to such Releases.

14.   <u>Default</u>.  Failure of the Parties to fully and timely comply with any obligation set forth in this Agreement to make a payment of money shall constitute an "*Event of Monetary Default*."  Failure of the Parties to fully and timely comply with any obligation set forth in this Agreement, other than to make a payment of money, shall constitute an "*Event of Non-Monetary Default*."

15.   <u>Effect of an Event of Default</u>.

a.   Upon the occurrence of an Event of Monetary Default, and in the event that the defaulting Party or Parties fail(s) to cure the Event of Monetary Default within one (1) business day's written notice of the Event of Monetary Default, the non-defaulting Party or Parties may exercise any and all of their rights and remedies against the defaulting Party or Parties as set forth in this Agreement, or otherwise available at law or in equity including, but not limited to, continuing with the respective Adversary Proceeding and/or filing a lawsuit to enforce this Agreement.

b.   Upon the occurrence of any Event of Non-Monetary Default, and in the event that the defaulting Party or Parties fail(s) to cure the Event of Non-Monetary Default within two (2) business days' of written notice of the Event of Non-Monetary Default, the non-defaulting Party or Parties may exercise any and all of their rights and remedies against the defaulting Party or Parties as set forth in this Agreement, including, but not limited to, filing a lawsuit to enforce this Agreement.

16.   <u>Notices</u>.  All notices or other communications required or permitted hereunder must be in writing, and be personally delivered (including by means of professional messenger

service),sent by registered or certified mail, postage prepaid, return receipt requested, or sent via Federal Express or other nationally recognized overnight delivery service to the following addresses:

Freeborn: Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Attn: Steven Hartmann, Esq.
  Elizabeth Janczak, Esq.

Greenberg: Greenberg Traurig
Metlife Building
200 Park Avenue
New York, NY 10166
Attn: Nancy Mitchell

With a copy to: Garman Turner Gordon LLP
650 White Drive, Suite 100
Las Vegas, NV 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
Attn: Gregory E. Garman, Esq.

Lazard: Lazard Frères & Co. LLC
30 Rockefeller Plaza
New York, NY 10112
Attn: Steven J. Pearl

Lazard Middle Market LLC
80 South 8th Street
Suite 2700
Minneapolis MN 55402
Attn: R. Kirkland Cozine

With a copy to: Sidley Austin LLP
One South Dearborn
Chicago, Illinois
Tel: (312) 853-7000
Attn: Matthew A. Clemente, Esq.

Alvarez: Alvarez & Marsal North America, LLC
600 Madison Ave.
New York, NY 10022
Attn: Daniel M. Feigenbaum

Jonathan Hickman
112 South Tryon Street, Suite 1755

Charlotte, NC 28284

With a copy to:  Sidley Austin LLP
One South Dearborn
Chicago, Illinois
Tel: (312) 853-7000
Attn: Matthew A. Clemente, Esq.

PACA Plaintiffs:  D&E Farms, Inc.
5115 Bentz Road
Spring Grove, Pennsylvania 17362
Attn:   Robert C. Erlemeier

H.C. Schmieding Produce Co., Inc.
P.O. Box 1943
Springdale, Arkansas 72765
Attn:   Gilda Underwood

Hartung Brothers, Inc.
708 Heartland Trail, Suite 2000
Madison, Wisconsin 53717-2099
Attn:   Steven J. Hartung
Daniel J. Hartung

With a copy to:  McCarron & Diess
707 Walt Whitman Road, Second Fl.
Melville, New York 11747
Tel: (631) 425-8110
Fax: (631) 425-8112
Attn:  Gregory A. Brown, Esq.

17.     Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement.

18.     Severability.  If any term or provision of this Agreement shall be deemed to be invalid or unenforceable to any extent, the remainder of this Agreement will not be affected thereby, and each remaining term and provision of this Agreement will be valid and be enforced to the fullest extent permitted by law.

19.     Waivers.  No waiver of any breach or any covenant or provision contained herein will be deemed a waiver of any preceding or succeeding breach thereof, or of any other covenant or provision contained herein.  No extension of time for performance of any obligation or act will be deemed an extension of the time for performance of any other obligation or act except those of the waiving Party, which will be extended by a period of time equal to the period of the delay.

20.    <u>Successors and Assigns</u>.   This Agreement is binding upon and inures to the benefit of the successors, assigns, and nominees of the Parties hereto.

21.    <u>Prevailing Party</u>.   In the event of the bringing of any action or suit by a Party hereto by reason of any breach of any of the covenants, agreements or provisions on the part of the other Party arising out of this Agreement, then in that event, the prevailing Party will be entitled to recover from the other party all costs and expenses of the action or suit, reasonable attorneys' fees, witness fees, and any other professional fees resulting therefrom.

22.    <u>Entire Agreement</u>.   This Agreement constitutes the entire agreement between the Parties hereto and may not be modified except by an instrument in writing signed by the Party to be charged.   This Agreement supersedes all prior agreements and communications between the Parties.

23.    <u>Time of Essence</u>.   The Parties hereby acknowledge and agree that time is strictly of the essence with respect to each and every term, condition, obligation, and provision hereof.

24.    <u>Construction</u>.   This Agreement has been prepared by the Defendants and its professional advisors and reviewed by the PACA Plaintiffs and each of their professional advisers.   The Parties and their respective advisors believe that this Agreement is the product of all of their efforts, that it expresses their agreement and that it should not be interpreted in favor of or against any Party.

25.    <u>Governing Law, Jurisdiction and Venue</u>.   The Parties hereto expressly agree that this Agreement will be governed by, interpreted under and construed and enforced in accordance with the laws of the State of Arkansas.   The Parties hereby consent to the exclusive jurisdiction of the Bankruptcy Court in the event any action is brought for declaratory relief or enforcement of any of the terms and provisions of this Agreement.

26.    <u>Titles and Headings</u>.   Titles and headings of Sections of this Agreement are for convenience of reference only and shall not affect the construction of any provisions of this Agreement.

27.    <u>**WAIVER OF JURY TRIAL**</u>.   **THE DEFENDANTS AND THE PACA PLAINTIFFS WAIVE ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, SUIT, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT**.

28.    <u>Attorney Representation</u>.   In negotiation, preparation and execution of this Agreement, the Parties hereby acknowledge that each Party has been represented by its own counsel and that each Party has had an opportunity to consult with an attorney of its own choosing prior to the execution of this Agreement and has been advised that it is in its best interests to do so.   The Parties have read this Agreement in its entirety and fully understand the terms and provisions contained herein.   The Parties execute this Agreement freely and voluntarily and accept the terms, conditions, and provisions of this Agreement, and state that the execution by each of them of this Agreement is free from any coercion whatsoever.

12

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year hereinabove written.

**PACA PLAINTIFFS:**

**DEFENDANTS:**

D&E FARMS, INC.

By: _Lester A. Erlemeier_
Name: _Lester A. Erlemeier_
Title: _Pres._

FREEBORN & PETERS LLP

By: _____
Name: _____
Title: _____

HARTUNG BROTHERS, INC.

By: _____
Name: _____
Title: _____

GREENBERG TRAURIG LLP

By: _____
Name: _____
Title: _____

H.C. SCHMIEDING PRODUCE CO., INC.

By: _____
Name: _____
Title: _____

LAZARD FRÈRES & CO, LLC

By: _____
Name: _____
Title: _____

LAZARD MIDDLE MARKET LLC

By: _____
Name: _____
Title: _____

ALVAREZ & MARSAL NORTH
AMERICA, LLC

By: _____

Name: _____
Title: _____

By: _____

JONATHAN C. HICKMAN

14

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year hereinabove written.

**PACA PLAINTIFFS:**                    **DEFENDANTS:**

D&E FARMS, INC.                         FREEBORN & PETERS LLP

By: _____                     By: _____
Name: _____                   Name: _____
Title: _____                  Title: _____

HARTUNG BROTHERS, INC.                  GREENBERG TRAURIG LLP

By: _Daniel Hartung_                     By: _____
Name: _DANIEL J HARTUNG_                 Name: _____
Title: _President_                       Title: _____

H.C. SCHMIEDING PRODUCE CO., INC.       LAZARD FRÈRES & CO, LLC

By: _____                     By: _____
Name: _____                   Name: _____
Title: _____                  Title: _____

                                        LAZARD MIDDLE MARKET LLC

                                        By: _____
                                        Name: _____
                                        Title: _____

                                        ALVAREZ & MARSAL NORTH
                                        AMERICA, LLC
                                                              By: _____

                                        Name: _____
                                        Title: _____

                                                              By: _____

                                        JONATHAN C. HICKMAN

14

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year hereinabove written.

**PACA PLAINTIFFS:**                                    **DEFENDANTS:**

D&E FARMS, INC.                                         FREEBORN & PETERS LLP

By: _____                             By: _____
Name: _____                              Name: _____
Title: _____                             Title: _____


HARTUNG BROTHERS, INC.                                 GREENBERG TRAURIG LLP

By: _____                             By: _____
Name: _____                              Name: _____
Title: _____                             Title: _____


H.C. SCHMIEDING PRODUCE CO., INC.                      LAZARD FRÈRES & CO, LLC

By: _~~Gary L. Owens~~_____                           By: _____
Name: _Gary L. Owens_____                             Name: _____
Title: _President_____                             Title: _____


                                                       LAZARD MIDDLE MARKET LLC

                                                       By: _____
                                                       Name: _____
                                                       Title: _____


                                                       ALVAREZ & MARSAL NORTH
                                                       AMERICA, LLC
                                                                                By:

                                                       _____
                                                       Name: _____
                                                       Title: _____

                                                                                By:

                                                       _____
                                                       JONATHAN C. HICKMAN

14

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year hereinabove written.

**PACA PLAINTIFFS:**                                 **DEFENDANTS:**

D&E FARMS, INC.                                        FREEBORN & PETERS LLP

By: _____                  By: _____
Name: _____                  Name: MICHAEL J. KELL
Title: _____                    Title: CO-MANAGING PARTNER


HARTUNG BROTHERS, INC.                        GREENBERG TRAURIG LLP

By: _____                  By: _____
Name: _____                  Name: _____
Title: _____                    Title: _____


H.C. SCHMIEDING PRODUCE CO., INC.        LAZARD FRÈRES & CO, LLC

By: _____                  By: _____
Name: _____                  Name: _____
Title: _____                    Title: _____


                                                              LAZARD MIDDLE MARKET LLC

                                                              By: _____
                                                              Name: _____
                                                              Title: _____


                                                              ALVAREZ & MARSAL NORTH
                                                              AMERICA, LLC

                                                              By: _____
                                                              Name: _____
                                                              Title: _____


                                                              By: _____
                                                                    JONATHAN C. HICKMAN

14

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year hereinabove written.

**PACA PLAINTIFFS:**                    **DEFENDANTS:**

D&E FARMS, INC.                         FREEBORN & PETERS LLP

By: _____           By: _____
Name: _____            Name: _____
Title: _____          Title: _____


HARTUNG BROTHERS, INC.                  GREENBERG TRAURIG LLP

By: _____           By: _____
Name: _____            Name: SUSAN TARBE
Title: _____          Title: ASSISTANT GENERAL COUNSEL


H.C. SCHMIEDING PRODUCE CO., INC.       LAZARD FRÈRES & CO, LLC

By: _____           By: _____
Name: _____            Name: _____
Title: _____          Title: _____


                                        LAZARD MIDDLE MARKET LLC

                                        By: _____
                                        Name: _____
                                        Title: _____


                                        ALVAREZ & MARSAL NORTH
                                        AMERICA, LLC

                                        By: _____
                                        Name: _____
                                        Title: _____


                                        By: _____
                                                JONATHAN C. HICKMAN


14

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year hereinabove written.

**PACA PLAINTIFFS:**

**DEFENDANTS:**

D&E FARMS, INC.

By: _____
Name: _____
Title: _____

FREEBORN & PETERS LLP

By: _____
Name: _____
Title: _____

HARTUNG BROTHERS, INC.

By: _____
Name: _____
Title: _____

GREENBERG TRAURIG LLP

By: _____
Name: _____
Title: _____

H.C. SCHMIEDING PRODUCE CO., INC.

By: _____
Name: _____
Title: _____

LAZARD FRÈRES & CO, LLC

By: *Steven J. Pearl*
Name: Steven J. Pearl
Title: Managing Director

LAZARD MIDDLE MARKET LLC

By: _____
Name: _____
Title: _____

ALVAREZ & MARSAL NORTH AMERICA, LLC

By: _____
Name: _____
Title: _____

By: _____
JONATHAN C. HICKMAN

14

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year hereinabove written.

**PACA PLAINTIFFS:**                    **DEFENDANTS:**

D&E FARMS, INC.                         FREEBORN & PETERS LLP

By: _____            By: _____
Name: _____            Name: _____
Title: _____           Title: _____


HARTUNG BROTHERS, INC.                  GREENBERG TRAURIG LLP

By: _____            By: _____
Name: _____            Name: _____
Title: _____           Title: _____


H.C. SCHMIEDING PRODUCE CO., INC.       LAZARD FRÈRES & CO, LLC

By: _____            By: _____
Name: _____            Name: _____
Title: _____           Title: _____


                                        LAZARD MIDDLE MARKET LLC

                                        By: _____
                                        Name: DAVID SOLOMON
                                        Title: CEO


                                        ALVAREZ & MARSAL NORTH
                                        AMERICA, LLC

                                        By: _____
                                        Name: _____
                                        Title: _____


                                        By: _____
                                                JONATHAN C. HICKMAN

14

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year hereinabove written.

**PACA PLAINTIFFS:**                    **DEFENDANTS:**

D&E FARMS, INC.                         FREEBORN & PETERS LLP

By: _____            By: _____
Name: _____            Name: _____
Title: _____            Title: _____


HARTUNG BROTHERS, INC.                  GREENBERG TRAURIG LLP

By: _____            By: _____
Name: _____            Name: _____
Title: _____            Title: _____


H.C. SCHMIEDING PRODUCE CO., INC.       LAZARD FRÈRES & CO, LLC

By: _____            By: _____
Name: _____            Name: _____
Title: _____            Title: _____


                                        LAZARD MIDDLE MARKET LLC

                                        By: _____
                                        Name: _____
                                        Title: _____


                                        ALVAREZ & MARSAL NORTH
                                        AMERICA, LLC

                                        By: _____
                                        Name: _Steven A. Wallace_____
                                        Title: _Managing Director____

                                        By: _____
                                             JONATHAN C. HICKMAN

14

## **Exhibit A**

PROPOSED APPROVAL MOTION AND APPROVAL ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division**

| | |
|---|---|
| In re: | Chapter 7 |
| Veg Liquidation Inc. and All Veg, LLC, | Case Nos. 13-73597 (BTB) and 13-73598 (BTB) |
| Debtors. | Jointly Administered Under Case No. 13-73597 (BTB) |

**PACA CREDITORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO FED. R. BANK. P. 9019 APPROVING SETTLEMENT AGREEMENT**

COMES NOW, D & E Farms, Inc. ("D&E"), H.C. Schmieding Produce Co., Inc. ("Schmieding") and Hartung Brothers, Inc. ("Hartung") (collectively, "PACA Creditors"), by and through undersigned counsel, and hereby move the Court pursuant to Fed. R. Bank. P. 9019(a) for entry of an order approving the January 22, 2016 Settlement Agreement and Mutual Release annexed hereto as Exhibit A (the "Settlement Agreement") entered into between and among PACA Creditors, on one hand, and Alvarez & Marsal North America, LLC and Jonathan Hickman (collectively, "Alvarez"), Greenberg Traurig, LLP ("Greenberg"), Lazard Frères & Co. LLC, Lazard Middle Market LLC (collectively, "Lazard") and Freeborn & Peters LLP ("Freeborn") (collectively, "Adversary Defendants"), on the other hand.  In support of their motion, the PACA Creditors state as follows:

**I.       JURISDICTION, VENUE AND STATUTORY PREDICATE**

1.      The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicate for the relief sought herein is 11 U.S.C. §105, and this motion is made pursuant to Fed. R. Bank. P. 9019.

1

## II.    BACKGROUND

3.      On October 28, 2013 (the "Petition Date"), Debtors filed voluntary petitions
under Chapter 11 of the Bankruptcy Code in this Court.

4.      Each of the PACA Creditors filed PACA Claims in this proceeding in accordance
with the Order (I) Approving PACA Procedures, Including a PACA Claims Bar Date; (II)
Authorizing the Debtors to Pay Allowed PACA Claims; and (III) Granting Related Relief
(Docket No. 255) (the "PACA Procedures Order").

5.      On December 23, 2013, D&E filed a PACA Claim in the principal amount of
$1,895,859.65, plus interest at the rate of 18% per annum and attorneys' fees incurred in
collecting its unpaid invoices (Claim No. 48); Schmieding filed a PACA Claim in the principal
amount of $1,161,301.97, plus interest at the rate of 18% per annum and attorneys' fees incurred
in collecting its unpaid invoices (Claim No. 57); and Hartung filed a PACA Claim in the
principal amount of $7,806,352.08, plus interest at the rate of 10% per annum and attorneys' fees
incurred in collecting its unpaid invoices (Claim No. 52).

6.      On July 30, 2014, D&E was deemed to have an Allowed PACA Claim, as that
term is defined in the PACA Procedures Order, in the principal amount of $1,895,859.65, plus
interest at the rate of 17% per annum and attorneys' fees incurred in collecting its unpaid
invoices (Docket No. 1045).

7.      On August 20, 2014, Schmieding was deemed to have an Allowed PACA Claim
in the principal amount of $1,161,163.22, plus interest at the rate of 17% per annum and
attorneys' fees incurred in collecting its unpaid invoices (Docket No. 1068).

8.      On October 9, 2014, Hartung was deemed to have an Allowed PACA Claim in
the principal amount of $7,806,352.08, plus interest at the rate of 10% per annum and attorneys'

2

fees incurred in collecting it unpaid invoices (Docket No. 1151).

9.      As of February 27, 2015, PACA Creditors were owed the aggregate amount of $13,492,831.61.

10.     On February 27, 2015, Sager Creek Acquisition Corp. ("Sager Creek"), the purchaser of substantially all of Debtors' assets paid PACA Creditors the sum of $11,800,593.12 in accordance with its obligations under the Order (A) Authorizing and Approving the Sale of Substantially all of the Assets of Debtor Allens, Inc. Free and Clear of All Liens, Claims, Encumbrances, and Interests; (B) Authorizing and Approving the Asset Purchase Agreement; (C) Approving the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases; and (D) Granting Related Relief (Docket No. 644), and pursuant to a separate settlement agreement (the "Sager Settlement").

11.     As of February 27, 2015, the payment by Sager Creek left a balance due PACA Creditors as compensation for their Allowed PACA Claims in the amount of $1,692,238.49 (the "Allowed PACA Claims Deficiency").

12.     Between March 20, 2015 and April 1, 2015, PACA Creditors commenced three adversary proceedings against Freeborn and Greenberg (Case No. 5:15-ap-7026), Alvarez (Case No. 5:15-ap-7029) and Lazard (Case No. 5:15-ap-7042) (collectively, the "Adversary Proceedings") seeking to recover the Allowed PACA Claims Deficiency, plus additional accrued interest and attorneys' fees.

13.     Thereafter, the Adversary Defendants moved to dismiss their respective adversary proceedings on a variety of grounds, but each of those motions was denied in their entirety by the Order on Motions to Dismiss dated September 15, 2015.  (Docket No. 49 in Case No. 5:15-ap-7026).

3

14.     On April 25, 2015, the Chapter 7 Trustee filed the Trustee's Motion to Compel Court Approval of a Settlement With Certain of the Debtors' PACA Trust Creditors (Docket No. 1341) (the "Motion to Compel"), seeking to compel PACA Creditors and Sager Creek to obtain court approval of the Sager Settlement pursuant to Fed. R. Bank. P. 9019.  The Motion to Compel was granted by order of the Court dated August 11, 2015 (Docket No. 1397).  That order found that because the Sager Settlement reserved the right to seek recovery of the Allowed PACA Claims Deficiency from any person or entity not released pursuant to the Sager Settlement, PACA Creditors could conceivably seek recovery from Debtors and the bankruptcy estate.  Therefore, the Court concluded, the Sager Settlement may have an effect on the bankruptcy estate, and court approval of the Sager Settlement was warranted.

15.     On November 6, 2015, Sager Creek filed the Buyer's Motion for an Order Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure Approving Settlement Agreement and Granting Related Relief (Docket No. 1430).  That motion is presently *sub judice*. Although each of the Adversary Defendants filed objections to Sager Creek's motion, those objections will be withdrawn pursuant to the Settlement Agreement.  There were no other objections filed to Sager Creek's motion.

16.     On January 22, 2016, PACA Creditors and the Adversary Defendants agreed to settle the Adversary Proceedings in accordance with the terms of the Settlement Agreement.

17.     Unlike the Sager Settlement, the Settlement Agreement contains no express provision reserving the right of the PACA Creditors to seek recovery of the Allowed PACA Claims Deficiency from any person or entity not released pursuant to the Settlement Agreement. As such, the reasoning of this Court's decision on the Motion to Compel which warranted the filing of Sager Creek's 9019 motion is inapplicable.  Nevertheless, out of an abundance of

4

caution, PACA Creditors and Adversary Defendants have elected to file the instant motion seeking approval of the Settlement Agreement even though they do not believe they are required to do so pursuant to Fed. R. Bank. P. 9019(a).

### III.    ARGUMENT

18.    Pursuant to Fed. R. Bank. P. 9019(a), upon "motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). Approval of a settlement is appropriate where the agreement is "fair and equitable and in the best interests of the estate." *Martin v. Cox (In re Martin)*, 212 B.R. 316, 319 (B.A.P. 8th Cir. 1997). A proposed settlement "is not required to constitute the best result obtainable." *Ritchie Capital Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278 (8th Cir. Minn. 2015) (internal citation and punctuation omitted). Instead, the Court "need only ensure the settlement does not fall below the lowest point in the range of reasonableness." *Id.* (internal citation and punctuation omitted).

19.    The reasonableness of a proposed settlement is reviewed for four factors: "(A) the probability of success in the litigation; (B) the difficulties, if any to be encountered in the matter of collection; (C) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (D) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id.* citing *Protective Committee for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968).

20.    Because the settlement agreement does not in any way involve Debtors, these factors are of limited utility in assessing the reasonableness of the Settlement Agreement. To the extent they are applicable, the Adversary Proceedings would have involved extensive litigation between PACA Creditors and the Adversary Defendants at great cost and inconvenience to both sides. In addition, Adversary Defendants advised PACA Creditors of their intention to file cross-

claims against numerous additional entities and parties in interest in these bankruptcy cases. The expense, inconvenience and burden on judicial resources would have been considerable.

21.     Furthermore, the interests of all unpaid creditors would have been negatively impacted by the uncertainty surrounding the Adversary Proceedings since any unpaid PACA Creditor could have asserted claims against any assets recovered by the Trustee. Approval of the Settlement Agreement will remove PACA's shadow over all further proceedings in these bankruptcy cases.

22.     Finally, the Settlement Agreement, reached after arms-length negotiations between the PACA Creditors and the Adversary Defendants, results in the payment of the majority of the Allowed PACA Claims Deficiency at no cost to the estate or other non-administrative creditors. Therefore, the terms of the Settlement Agreement are in the best interests of the estate, do not "fall below the lowest point in the range of reasonableness," *Ritchie Capital Mgmt., L.L.C.*, 785 F.3d at 278, and PACA Creditors' motion should be granted in its entirety.

## IV.     CONCLUSION

23.     For the foregoing reasons, the PACA Creditors respectfully request that an order be entered in the form annexed hereto as Exhibit A, approving the Settlement Agreement it its entirety and granting PACA Creditors such other and further relief as the Court deems just and proper.

## V.     NO PREVIOUS REQUEST

24.     No previous request for the relief sought herein has been made to this or any other Court.

## VI.    NOTICE AND OPPORTUNITY TO OBJECT

25.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) the Committee; (c) the Chapter 7 Trustee; and (e) all those who have entered an appearance in these cases pursuant to Bankruptcy Rule 2002. PACA Creditors respectfully submit that such notice is sufficient, and request that, except as provided herein, the Court find that no further notice of the relief requested herein is required.

26.     Notice is hereby given that PACA Creditors have filed the foregoing Motion For Entry of an Order Pursuant to Fed. R. Bank. P. 9019 Approving Settlement Agreement. Objections to the Motion must be filed in writing within twenty-one (21) days of the date of this notice.  If objections are received in the time allowed, such objections will be set for hearing by subsequent notice.  If no objections are received in the time allowed the court may enter an order approving the motion without further notice or hearing.  Objections may be filed with the Clerk, United States Bankruptcy Court, 35 East Mountain Street, Room 316, Fayetteville, Arkansas 72701.  Attorneys filing objections must make the filing by electronic means via the Court's ECF System.  A copy of any objection must also be served on the attorneys named below.

Dated: Fayetteville, Arkansas
      January _____, 2016

Respectfully submitted,
**STANLEY V. BOND, LTD.**

By: _____

Stanley Bond, Esq.
Arkansas Bar No. 93034
525 S. School Avenue, Suite 100
Fayetteville, Arkansas 72702
Telephone:  (479) 444-0255
Facsimile:  (479) 444-7141
attybond@me.com

- and -

**MCCARRON & DIESS**

7

Gregory Brown
New York Bar No. 4366498
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Telephone (631) 425-8110
gbrown@mccaronlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the _____ day of January, 2016, a copy of the foregoing PACA Creditors' Motion for Entry of an Order Pursuant to Fed. R. Bank. P. 9019 Approving Settlement Agreement was served via the Court's CM/ECF system on any party who has filed a request for notice in this proceeding and via US Mail on the following entities at the address set forth after each name:

R. Ray Fulmer, II
Chapter 7 Panel Trustee
P.O. Box 185
Fort Smith, AR 72902-0185

U.S. Trustee
Office of U. S. Trustee
200 W Capitol, Ste. 1200
Little Rock, AR 72201

Jeffrey L. Cohen
Cooley, LLP
Counsel for the Creditor Committee
1114 Avenue of the Americas
New York, NY 10036

/s/ Stanley V. Bond
Stanley V. Bond

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) **Case Nos. 5:13-bk-73597-BTB and** |
| **VEG LIQUIDATION, INC. and** | ) **5:13-bk-73598 (BTB)** |
| **ALL VEG LLC,** | ) |
| | ) |
| Debtors. | ) **Chapter 7** |
| | ) |
| | ) **Jointly Administered Under** |
| | ) **Case No. 5:13-bk-73597-BTB** |
| | ) |

**ORDER PURSUANT TO RULE 9019(a) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING
<u>SETTLEMENT AND RELEASE AGREEMENT AND GRANTING RELATED RELIEF</u>**

Upon the motion (the "*Motion*"), pursuant to rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), for entry of an order approving the settlement and release agreement (the "*Agreement*"), dated as of January 22, 2016, among D&E Farms, Inc. ("*D&E*"), H.C. Schmieding Produce Co., Inc. ("*Schmieding*"), and Hartung Brothers, Inc. ("*Hartung,*" and together with D&E and Schmieding, the "*PACA Plaintiffs*") on the one hand, and Freeborn & Peters LLP ("*Freeborn*"), Greenberg Traurig, LLP ("*Greenberg*"), Lazard Frères & Co., LLC and Lazard Middle Market LLC (collectively, "*Lazard*"), and Alvarez & Marsal North America, LLC and Jonathan C. Hickman (collectively, "*Alvarez,*" and together with Freeborn, Greenberg, and Lazard, the "*Defendants*")(the foregoing collectively, the "*Parties*"), all as more fully described in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S. C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing

1

that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the above-captioned debtors, their estates, creditors, and all parties in interest and that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND AND DETERMINED THAT:

1.      Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion or the Agreement, as applicable.

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is Bankruptcy Rule 9019.

3.      A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (1) the Office of the U.S. Trustee for the Western District of Arkansas; (2) the Chapter 7 Trustee; (3) all parties to the Agreement; and (4) all parties requesting electronic service pursuant to Bankruptcy Rule 2002.  The notice provided to the foregoing parties was reasonable and sufficient and no further notice is required.

4.      The compromise and settlement set forth within the Motion and in the Agreement attached to this order as **Exhibit "1"** is fair and equitable to the Debtors' estates and is in their best interests.

5.      The Agreement was proposed and negotiated by the parties without collusion, in good faith, and from arm's length bargaining positions.

2

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Western District of Arkansas are satisfied by such notice.

7.      In light of the facts and circumstances of the cases, the consideration received by the Parties under the Agreement represents reasonably equivalent value for the assets transferred, claims being released and/or subordinated, and all other consideration given or received.

8.      The benefits and consideration that the Parties are providing under the Agreement are fair, equitable and adequate consideration for the releases and other consideration being received under the Agreement and constitute reasonably equivalent value therefor, and the transfers made by each Party contemplated by the Agreement are not subject to avoidance under any applicable law or in equity.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

9.      The Motion is GRANTED in its entirety.

10.     All objections, including any objection of any party in interest to the Motion, or any portion thereof, that have not been withdrawn, waived, settled, or specifically addressed in this Order and all reservations of rights included in such objections, are hereby overruled on the merits.

11.     The Agreement is approved in all respects and the Parties are bound by the provisions thereof, including "Conditions of Settlement" and "Representations and Warranties" as provided in paragraphs 10 and 11 of the Agreement.

12.     The Parties are hereby authorized, empowered, and directed to enter into and perform, and consummate the transactions contemplated by the Agreement as set forth in, and in accordance with, the terms and conditions of the Agreement and as set forth in the Motion.

3

13.     The Defendants shall each pay or cause to be paid to the PACA Plaintiffs such Defendant's portion of the collective sum of One Million Dollars ($1,000,000.00) (the "*Payment*"), within three (3) business days of the Effective Date, as defined in the Agreement. The Payment shall be made, by each Defendant, in the form of wire transfer pursuant to the wire instructions attached to the Agreement as **Exhibit "B."**

14.     Each Defendant shall file the Dismissal Stipulations in its respective Adversary Proceeding after the PACA Plaintiffs have provided written notice of settlement of such Defendant's portion of the Payment, as set forth in the Agreement.

15.     The PACA Plaintiffs shall file a Notice of Withdrawal, in substantially the same form attached as **Exhibit "G"** to the Agreement, of their objection to the Greenberg Final Fee Application within one (1) business day of receiving the Greenberg portion of the Payment.

16.     Each Defendant shall file a Notice of Withdrawal of their respective Sager Creek 9019 Objection contemporaneously with the filing of each Defendant's respective Dismissal Stipulation.

17.     The PACA Plaintiffs shall hereby fully release and forever discharge the Defendants, as well as all of their affiliates, parent companies, joint ventures, insurers, and partnerships, and their respective current and former partners, employees, agents, officers, directors, attorneys and any other representatives, and each of them (the "*Released Defendants*"), from any and all matters, actions, claims, suits, demands, rights, debts, agreements, promises, liabilities, obligations, damages, costs and expenses of every nature, character, description and amount, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, direct or indirect, asserted or unasserted, or which may presently exist or which may hereafter arise or become known, with respect to, in connection with, arising from or related to the Bankruptcy

4

Case, the Adversary Proceedings, or the Greenberg Final Fee Application or any other possible or potential claims of any nature that could ever be asserted against any Released Defendant in relation thereto, including in connection with any fee or expense payment made to any Defendant in connection with Allens either prior to or subsequent to the Petition Date. For the avoidance of doubt, the release as to each individual Defendant shall occur upon the satisfaction of each respective Defendant's portion of the Payment, and the failure of any Defendant to pay its portion of the Payment to the PACA Plaintiffs shall render this release null and void as to that Defendant.

18.     The Defendants shall hereby fully release and forever discharge the PACA Plaintiffs as well as all of their affiliates, parent companies, joint ventures, insurers, partnerships, and their respective current and former partners, employees, agents, officers, directors, attorneys and any other representatives, and each of them, from any and all matters, actions, claims, suits, demands, rights, debts, agreements, promises, liabilities, obligations, damages, costs and expenses of every nature, character, description and amount, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, direct or indirect, asserted or unasserted, or which may presently exist or which may hereafter arise or become known, with respect to, in connection with, arising from or related to the Bankruptcy Case, the Adversary Proceedings, or the Greenberg Final Fee Application or any other possible or potential claims of any nature that could ever be asserted against the PACA Plaintiffs in relation thereto. For the avoidance of doubt, the release as to the PACA Claimants shall occur upon entry of orders approving the Dismissal Stipulations and, in the case of Greenberg, upon withdrawal of the objection to the Greenberg Final Fee Application.

19.     Each individual Defendant shall hereby fully release and forever discharge each other individual Defendant as well as each of their affiliates, parent companies, joint ventures, partnerships, employees, agents, officers, directors, attorneys and any other representatives, from any and all contribution claims relating to or arising out of the subject matter of the Agreement. For the avoidance of doubt, the release as to each individual Defendant shall occur upon the satisfaction of each respective Defendant's portion of the Payment.

20.     Any future claims by any creditor or party in interest against the Defendants under PACA in connection with the Debtors, both prior to and subsequent to the Petition Date, including claims for funds due under PACA or for disgorgement or recovery of monies received by the Defendants from Allens and/or the Debtors are hereby forever and expressly barred.  The amounts paid by each Defendant pursuant to the Agreement shall constitute the full and final extent of any liability owed by the Defendants under PACA in connection with the Debtors, both prior to and subsequent to the Petition Date, including claims for funds due under PACA or for disgorgement or recovery of monies received by the Defendants from Allens and/or the Debtors.

21.     This Court shall retain jurisdiction to ensure that the purposes and intent of the settlement pursuant to the Agreement and as set forth within the Motion approved by this Order are carried out and to determine all controversies, suits or disputes that may arise in connection with the enforcement, interpretation or consummation of this Order and the settlement pursuant to the Agreement and Motion approved herein.


Dated: _____, 201_
Fayetteville, Arkansas

                                        _____
                                        Honorable Ben Barry
                                        United States Bankruptcy Judge

6

## **Exhibit B**

Wire Transfer Instructions

**(NOT FOR FILING)**

## Exhibit C

Settlement Payment Allocation Among Defendants

**(NOT FOR FILING)**

## **Exhibit D**

VOLUNTARY DISMISSAL OF ADVERSARY PROCEEDING AGAINST
FREEBORN AND GREENBERG

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### Fayetteville Division

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VEG LIQUIDATION, INC. and ALL VEG, | ) | Case No. 5:13-bk-73597 (BTB) and |
| LLC,[1] | ) | 5:13-bk-73598 (BTB) |
|  | ) |  |
| Debtors. | ) | Jointly Administered Under |
|  | ) | Case No. 5:13-bk-73597 (BTB) |
|  | ) |  |
| D&E FARMS, INC., H.C. SCHMIEDING | ) |  |
| PRODUCE CO., INC. and HARTUNG | ) |  |
| BROTHERS, INC., | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Adversary No. 5:15-ap-07026 |
|  | ) |  |
| FREEBORN & PETERS LLP, GREENBERG & | ) |  |
| TRAURIG, LLP and MITCHELL, WILLIAMS, | ) |  |
| SELIG, GATES & WOODYARD, P.L.L.C., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## STIPULATION OF VOLUNTARY DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7041), D&E Farms, Inc. ("*D&E*"), H.C. Schmieding Produce Co., Inc. ("*Schmieding*") and Hartung Brothers, Inc. ("*Hartung*" together with D&E and Schmieding, the "*Plaintiffs*"), Freeborn & Peters LLP ("*Freeborn*"), and Greenberg & Traurig, LLP ("*Greenberg*") together with Freeborn, the "*Defendants*"), hereby stipulate that the above-captioned adversary proceeding shall be dismissed with prejudice and that each party shall bear its own costs. The parties consent to and authorize the filing of this stipulation on the Court's docket, and agree that such signatures shall be effective as original signatures for all purposes.

---

[1]     The Debtors, along with the last four digits of each Debtor's tax identification number, are: All Veg, LLC (9250) and Allens, Inc. (5020). The Debtors' business address is 305 E. Main Street, Siloam Springs, Arkansas 72761.

Dated:  January __, 2016

**STANLEY V. BOND, LTD.**
By:   __/s/_____
Stanley Bond
Arkansas Bar No. 93034
525 S. School Avenue, Suite 100
Fayetteville, Arkansas 72702
Telephone: (479) 444-0255
Facsimile: (479) 444-7141
attybond@me.com


-and-

**MCCARRON & DIESS**
Gregory Brown
New York Bar No. 4366498
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Telephone (631) 425-8110
gbrown@mccarronlaw.com

*Attorneys for Hartung Brothers, Inc., D&E Farms, Inc. and H.C. Schmieding Produce Co., Inc.*

**HOOD & STACY, P.A.**
By:   __/s/_____
Rickard W. Hood
216 North Main Street
Bentonville, Arkansas 72712
Telephone: (479) 273-3377
Facsimile:  (479) 273-3419
rhood@hoodandstacy.com

-and-

**FREEBORN & PETERS LLP**
Steven Hartmann
Elizabeth L. Janczak
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: (312) 360-6000
Facsimile:  (312) 360-6520
shartmann@freeborn.com
ejanczak@freeborn.com

*Attorneys for Freeborn & Peters LLP*


**HARRINGTON, MILLER KIEKLAK, EICHMANN & BROWN, P.A**
By:   __/s/_____
Justin Eichmann
4710 S. Thompson, Suite 102
Springdale, AR 72764
Telephone: (479) 751-6464
Facsimile: (479) 751-3715
jeichmann@arkansaslaw.com

-and-

**GARMAN TURNER GORDON LLP**
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone: (725) 777-3000
Facsimile: (725) 777-3112
ggarman@gtg.legal

*Attorneys for Greenberg Traurig, LLP*

## **Exhibit E**

VOLUNTARY DISMISSAL OF ADVERSARY PROCEEDING AGAINST
ALVAREZ AND HICKMAN

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### Fayetteville Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **VEG LIQUIDATION, INC. and** | ) | **Jointly Administered Under** |
| **ALL VEG LLC,**[1] | ) | **Case No. 5:13-bk-73597-BTB** |
| | ) | |
| Debtors. | ) | **Chapter 7** |
| | ) | |
| **D & E FARMS, INC.,** | ) | |
| **H.C. SCHMIEDING PRODUCE CO., INC.** | ) | |
| **and HARTUNG BROTHERS, INC.,** | ) | |
| | ) | |
| Plaintiffs, | ) | **A.P. No. 15-ap-07029-BTB** |
| | ) | |
| v. | ) | |
| | ) | |
| **ALVAREZ & MARSAL NORTH AMERICA,** | ) | |
| **LLC and JONATHAN HICKMAN,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATION OF VOLUNTARY DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7041), D&E Farms, Inc. ("*D&E*"), H.C. Schmieding Produce Co., Inc. ("*Schmieding*") and Hartung Brothers, Inc. ("*Hartung*" together with D&E and Schmieding, the "*Plaintiffs*"), Alvarez & Marsal North America, LLC and Jonathan Hickman (the "*Defendants*"), hereby stipulate that the above-captioned adversary proceeding shall be dismissed with prejudice and that each party shall bear its own costs. The parties consent to and authorize the filing of this stipulation on the Court's docket, and agree that such signatures shall be effective as original signatures for all purposes.

Dated: January __, 2016

---

[1]     The Debtors, along with the last four digits of each Debtor's tax identification number, are: All Veg, LLC (9250) and Allens, Inc. (5020). The Debtors' business address is 305 E. Main Street, Siloam Springs, Arkansas 72761.

**STANLEY V. BOND, LTD.**

By: ___/s/_____
Stanley Bond
Arkansas Bar No. 93034
525 S. School Avenue, Suite 100
Fayetteville, Arkansas 72702
Telephone: (479) 444-0255
Facsimile: (479) 444-7141
attybond@me.com

-and-

**MCCARRON & DIESS**

Gregory Brown
New York Bar No. 4366498
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Telephone (631) 425-8110
gbrown@mccarronlaw.com

*Attorneys for Hartung Brothers, Inc., D&E Farms, Inc. and H.C. Schmieding Produce Co., Inc.*

**BASSET LAW FIRM**

By: ___/s/_____
Woodson W. Bassett III
James M. Graves
BASSET LAW FIRM LLP
221 North College Avenue
P.O. Box 3618
Fayetteville, Arkansas 72702
Telephone: (479) 521-9996
Facsimile: (479) 521-9600
wbassett@bassettlawfirm.com
jgraves@bassettlawfirm.com

-and-

**SIDLEY AUSTIN LLP**

Gordon D. Todd
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
gtodd@sidley.com

Matthew A. Clemente
Michael T. Gustafson
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
mclemente@sidley.com
mgustafson@sidley.com

*Attorneys for Alvarez & Marsal North America, LLC and Jonathan Hickman*

## **Exhibit F**

VOLUNTARY DISMISSAL OF ADVERSARY PROCEEDING AGAINST
LAZARD ENTITIES

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### Fayetteville Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **VEG LIQUIDATION, INC. and** | ) | **Jointly Administered Under** |
| **ALL VEG LLC,**[1] | ) | **Case No. 5:13-bk-73597-BTB** |
| | ) | |
| Debtors. | ) | **Chapter 7** |
| | ) | |
| **D & E FARMS, INC.,** | ) | |
| **H.C. SCHMIEDING PRODUCE CO., INC.** | ) | |
| **and HARTUNG BROTHERS, INC.,** | ) | |
| | ) | |
| Plaintiffs, | ) | **A.P. No. 15-ap-07042-BTB** |
| | ) | |
| v. | ) | |
| | ) | |
| **LAZARD FRÈRES & CO. LLC** | ) | |
| **and LAZARD MIDDLE MARKET LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATION OF VOLUNTARY DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7041), D&E Farms, Inc. ("*D&E*"), H.C. Schmieding Produce Co., Inc. ("*Schmieding*") and Hartung Brothers, Inc. ("*Hartung*" together with D&E and Schmieding, the "*Plaintiffs*"), Lazard Frères & Co. LLC and Lazard Middle Market LLC (the "*Defendants*"), hereby stipulate that the above-captioned adversary proceeding shall be dismissed with prejudice and that each party shall bear its own costs. The parties consent to and authorize the filing of this stipulation on the Court's docket, and agree that such signatures shall be effective as original signatures for all purposes.

Dated:  January __, 2016

---

[1]      The Debtors, along with the last four digits of each Debtor's tax identification number, are: All Veg, LLC (9250) and Allens, Inc. (5020).  The Debtors' business address is 305 E. Main Street, Siloam Springs, Arkansas 72761.

**STANLEY V. BOND, LTD.**
By:  ___/s/_____
Stanley Bond
Arkansas Bar No. 93034
525 S. School Avenue, Suite 100
Fayetteville, Arkansas 72702
Telephone: (479) 444-0255
Facsimile: (479) 444-7141
attybond@me.com

-and-

**MCCARRON & DIESS**
Gregory Brown
New York Bar No. 4366498
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Telephone (631) 425-8110
gbrown@mccarronlaw.com

*Attorneys for Hartung Brothers, Inc., D&E Farms, Inc. and H.C. Schmieding Produce Co., Inc.*

**BASSET LAW FIRM**
By:  ___/s/_____
Woodson W. Bassett III
James M. Graves
BASSET LAW FIRM LLP
221 North College Avenue
P.O. Box 3618
Fayetteville, Arkansas 72702
Telephone: (479) 521-9996
Facsimile: (479) 521-9600
wbassett@bassettlawfirm.com
jgraves@bassettlawfirm.com

-and-

**SIDLEY AUSTIN LLP**
Gordon D. Todd
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
gtodd@sidley.com

Matthew A. Clemente
Michael T. Gustafson
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
mclemente@sidley.com
mgustafson@sidley.com

*Attorneys for Lazard Frères & Co. LLC and Lazard Middle Market LLC*

## **Exhibit G**

PROPOSED NOTICE OF WITHDRAWAL OF OBJECTION TO THE GREENBERG FINAL FEE APPLICATION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
Fayetteville Division**

| | |
|---|---|
| In re: | Chapter 7 |
| Veg Liquidation Inc. and All Veg, LLC, | Case Nos. 13-73597 (BTB) and 13-73598 (BTB) |
| Debtors. | Jointly Administered Under Case No. 13-73597 (BTB) |

**PACA CREDITORS' NOTICE OF PARTIAL WITHDRAWAL OF OMNIBUS OBJECTION OF PACA CREDITORS TO APPLICATIONS FOR ALLOWANCE OF FEES AND EXPENSES BY COUNSEL FOR DEBTORS AND COMMITTEE OF UNSECURED CREDITORS**

**PLEASE TAKE NOTICE** that D & E Farms, Inc. ("D&E"), H.C. Schmieding Produce Co., Inc. ("Schmieding") and Hartung Brothers, Inc. ("Hartung") (collectively, "PACA Creditors"), by and through undersigned counsel, hereby withdraw with prejudice, and without costs to either side, that portion of their Omnibus Objection of PACA Creditors to Applications for Allowance of Fees and Expenses by Counsel for Debtors and Committee of Unsecured Creditors [Docket No. 1088] which objected to the Second and Final Application for Allowance of Fees and Expenses of Greenberg Traurig, Counsel for Debtors and Notice of Opportunity to Objection (Docker No. 1035). Nothing herein shall be construed as constituting a withdrawal of the Objection as it relates to the Second Interim and Final Application of Cooley LLP, Counsel for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for (I) the Interim Period March 1, 2014 through June 6, 2014 and (II) the Final Period November 13, 2013 through June 6, 2014 (Docket No. 138), and this notice of partial withdrawal is without prejudice to the rights of the PACA Creditors as they relate to the professional fee application filed by Cooley LLP.

. . .

1

Dated: Fayetteville, Arkansas

_____ ____, 2016          Respectfully submitted,
                                  **STANLEY V. BOND, LTD.**


                        By:   _____
                              Stanley Bond, Esq.
                              Arkansas Bar No. 93034
                              525 S. School Avenue, Suite 100
                              Fayetteville, Arkansas 72702
                              Telephone:  (479) 444-0255
                              Facsimile:  (479) 444-7141
                              attybond@me.com

                              - and -

                              **MCCARRON & DIESS**
                              Gregory Brown
                              New York Bar No. 4366498
                              707 Walt Whitman Road, Second Floor
                              Melville, New York 11747
                              Telephone (631) 425-8110
                              gbrown@mccaronlaw.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of January, 2016, a copy of the foregoing PACA Creditors' Notice of Partial Withdrawal of Omnibus Objection of PACA Creditors to Applications for Allowance of Fees and Expenses by Counsel for Debtors and Committee of Unsecured Creditors was served via the Court's CM/ECF system on any party who has filed a request for notice in this proceeding and via US Mail on the following entities at the address set forth after each name:

R. Ray Fulmer, II
Chapter 7 Panel Trustee
P.O. Box 185
Fort Smith, AR 72902-0185

U.S. Trustee
Office of U. S. Trustee
200 W Capitol, Ste. 1200
Little Rock, AR 72201

Jeffrey L. Cohen
Cooley, LLP
Counsel for the Creditor Committee
1114 Avenue of the Americas
New York, NY 10036

/s/ Stanley V. Bond
Stanley V. Bond

1